**In re BICOASTAL CORPORATION, d/b/a Simuflite, f/k/a The Singer Company, Debtor.**

**Bankruptcy No. 89–8191–8P1.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Aug. 28, 1990.

See also, Bkrtcy., 118 B.R. 854.

Wiel, Gotshal & Manges, New York City, Sp. Counsel for debtor.

William Goldman, Brown & Wood, New York City, for creditors committee.

### ORDER AUTHORIZING INTERIM ALLOWANCE OF COMPENSATION TO WEIL, GOTSHAL & MANGES, SPECIAL COUNSEL FOR DEBTOR-IN-POSSESSION

ALEXANDER L. PASKAY, Chief Judge.

THIS CAUSE came on for consideration with proper notice given to all interested parties upon the First Application of the law firm of Weil, Gotshal & Manges (WG &

M), Special Counsel for the Debtor-in-Possession, for an Interim Allowance of Compensation for services rendered by WG & M from November 10, 1989 through February 28, 1990. The Court has considered the Application, together with the record and comments of counsel, and is satisfied that it is appropriate to approve the Application in part and deny it in part.

The facts relevant to the merit of the Application as appear from the record are as follows:

The Debtor filed its voluntary Petition for Relief under Chapter 11 of the Bankruptcy Code on November 10, 1989. WG & M had been employed by the Debtor before it filed its Petition for Relief, and WG & M continued to render services to the Debtor immediately after the filing. WG & M filed its Application to be employed as Special Counsel for the Debtor-in-Possession on December 22, 1989, and this Court entered an Order authorizing the employment by the Debtor of WG & M. That Order authorized the employment of WG & M as of the date of the filing of the Application to be employed and provided that WG & M could file interim applications for compensation according to the provisions of the Bankruptcy Code. The first Application for interim compensation filed by WG & M, which is the matter currently under consideration, seeks an award for services rendered from November 10, 1989 to February 28, 1990, which includes the six-week period before WG & M even filed its Application to be employed. In its Application, WG & M seeks fees in the amount of $312,968.50 and expenses in the amount of $43,306.17 for services rendered postpetition. The following facts which are relevant are without dispute and can be summarized as follows:

Prior to the commencement of the Chapter 11 case, the Debtor paid WG & M a $250,000.00 retainer for prepetition services performed for the Debtor. According to the Application of WG & M, it earned $233,438.26 prepetition but only applied $229,281.46 of the retainer for those services, notwithstanding that it claimed to have earned an additional $4,156.80. In its Application, WG & M also seeks the authority of this Court to apply $4,156.80 of the $250,000.00 prepetition retainer as compensation for prepetition services so that WG & M will be fully compensated for the prepetition services rendered. Additionally, WG & M seeks the authority to apply the balance, $16,561.74, as compensation for postpetition services rendered.

In summary, WG & M seeks several things in its Application. First, it seeks the authority to apply a prepetition retainer toward the Debtor's bill for prepetition services. Next, it seeks to apply the balance of the prepetition retainer toward the Debtor's bill for postpetition services. Third, it seeks a nunc pro tunc approval of its Application to be employed. Finally, WG & M seeks an award for postpetition services for the period from November 13, 1989 to February 28, 1990.

### Prepetition Retainer

■ Whether the prepetition retainer given to WG & M by the Debtor was an "advance payment retainer" which entitled the Debtor to services to be performed at an hourly rate up to the amount of the retainer or a "security retainer" given to WG & M to secure services in the future, this Court is satisfied that ownership of the portion of the retainer earned passed to WG & M at the time services were rendered. *See In re Chapel Gate Apartments, Ltd.,* 64 B.R. 569 (Bankr.N.D.Tex. 1986); *In re Burnside,* 90 B.R. 942 (Bankr. N.D.Ill.1988). Therefore, to the extent that WG & M rendered prepetition services, it is entitled to use the retainer paid by the Debtor. This Court is satisfied that WG & M does not need authorization from this Court to apply the prepetition retainer toward prepetition fees and expenses incurred by the Debtor. It is important to note that the reasonableness of the fees and expenses for prepetition services is not before this Court now, and those fees and expenses may be subject to scrutiny by this Court under § 329 of the Bankruptcy Code.

■ While this Court recognizes that it is appropriate to order WG & M to turn over to the Debtor the balance of the pre-

petition retainer that was not earned prepetition, this Court is not unmindful of the fact that such an order would create an unnecessary transfer of funds. WG & M may, if it chooses, apply the unearned portion of the prepetition retainer to the amount awarded by this Order for postpetition services. Of course, if WG & M chooses to do this, the Debtor can deduct that amount from the total amount it is directed to pay to WG & M by this Court Order.

### Nunc Pro Tunc Application

■ It should be pointed out before considering WG & M's Fee Application for postpetition services that before a professional can be compensated for services by the Debtor's estate, the professional's employment must be authorized by the Bankruptcy Court. A nunc pro tunc approval of an application to employ a professional is the exception, not the rule, and should not be granted if the professional's failure to file a timely application was due to something other than excusable neglect. *In re American Cooler Co., Inc.,* 125 F.2d 496 (2d Cir.1942).

■ The Third Circuit Court of Appeals has adopted a two-part test to determine whether nunc pro tunc approval of an application is appropriate. *In re Arkansas,* 798 F.2d 645 (3d Cir.1986). First, the applicant must meet the disinterested requirement of § 327(a) of the Bankruptcy Code, and it must be determined that the applicant would have been appointed initially. Second, the Court must determine that the circumstances are so extraordinary that retroactive approval is warranted. *Id.* at 650. Limiting retroactive orders to extraordinary circumstances will serve to deter attorneys from failing to observe the requirements of § 327 of the Bankruptcy Code. *In re Crook,* 79 B.R. 475, 477 (9th Cir. BAP 1987), *citing, In re Kroeger Properties,* 57 B.R. 821 (9th Cir. BAP 1986).

■ The Ninth Circuit Court of Appeals requires a showing of a satisfactory explanation for failure to receive prior judicial approval pursuant to § 327 *and* a showing that an attorney has benefited the estate in some significant manner before a retroactive order authorizing employment will be entered. *In re THC Financial Corp.,* 837 F.2d 389 (9th Cir.1988). The Bankruptcy Appellate Panel of the Ninth Circuit requires a showing of extraordinary circumstances to issue a nunc pro tunc order authorizing employment. *In re Crook,* 79 B.R. 475 (9th Cir. BAP 1987). It is notable that mere negligence does not constitute an exceptional circumstance which would warrant the entry of a retroactive order. *Id.* See also, *In re Downtown Investment Club, III,* 89 B.R. 59 (Bankr. 9th Cir.1988).

■ This Court has previously held that an application to be employed may be approved nunc pro tunc after a showing that the application would have been approved if timely filed and that the failure to timely file was due to excusable neglect and was not the fault of the applicant. *Matter of Lindo's Tours, USA, Inc.,* 55 B.R. 475 (M.D.Fla.1985). In the instant case, this Court is satisfied that using either the test set out by the Third Circuit or the Ninth Circuit, WG & M does not meet the requirements for nunc pro tunc approval of its employment application. WG & M may show that its efforts benefited the estate, and it may meet the disinterested requirements of § 327(a) of the Bankruptcy Code. This Court has no doubt that the application, if timely filed, would have been approved. However, this Court is also satisfied that WG & M fails to meet the "exceptional circumstance" prong of the tests set out by both the Third Circuit and the Ninth Circuit. *See In re Arkansas, supra* and *In re Financial Corp., supra.* Furthermore, WG & M has not demonstrated that its failure to timely file an application was due to excusable neglect and that it was not the fault of WG & M. *See Matter of Lindo's Tours, USA, Inc., supra.* Failure to timely file an application because of the size, complexity, and urgency of matters in this case does not constitute excusable neglect or exceptional circumstances which would warrant nunc pro tunc approval of the application. *See In re B.E.S. Concrete Products, Inc.,* 93 B.R. 228 (Bankr.E.D.Cal. 1988).

WG & M is not being held to a higher standard simply because the firm is a well-established firm in the field of bankruptcy and enjoys a fine reputation. Even a neophyte practitioner is presumed to know the requirements of § 327 of the Bankruptcy Code and would be expected to follow those requirements. *In re Kroeger,* 57 B.R. at 823; *In re Downtown Investment Club III,* 86 B.R. at 63–64; *In re Crook,* 79 B.R. at 478.

This Court can conceive of no reason why WG & M, a law firm with experience and expertise in the bankruptcy field, ignored the mandates in § 327 of the Bankruptcy Code and Bankruptcy Rule 2016 and failed to timely file its application for employment. Considering the fact that the Application to employ is both elementary and routine and can be written in a very brief period of time, the argument by WG & M that it was more concerned with the Debtor's status and affairs is not convincing. Instead, it appears to this Court that WG & M simply ignored the mandates of the Bankruptcy Code and failed to timely file an Application authorizing its employment.

In sum, this Court is satisfied that the delay by WG & M in filing its Application to be employed was inexcusable and was not satisfactorily explained. Therefore, this Court concludes that the Application to Employ WG & M cannot be approved nunc pro tunc as of the date it began rendering services, and fees for services before the Application to employ was filed on December 22, 1989 are disapproved in toto. *See In re Crook, supra.*

### Application for Postpetition Fees

■ After an extensive review of the fee Application of WG & M, this Court is also satisfied that in addition to the denial of fees for services rendered before WG & M filed its Application to be employed, additional fees should also be denied. For example, it is appropriate to deny fees for services that are so vaguely described that this Court is unable to determine if any benefit was rendered to the Debtor because of these services. It is also appropriate to deny fees attributable to conferences and reviews regarding the retention of WG & M as Special Counsel for the Debtor. Additionally, fees attributable to filing and duplicating documents, organizing files, and copying or pulling cases are not compensable. Fees for these kinds of services clearly should be considered part of the overhead cost of WG & M and should not be borne by the Debtor.

■ Because the description of expenses incurred by WG & M on behalf of the Debtor are equally vague and nonspecific, this Court is satisfied that it is appropriate to disapprove the Application for reimbursement of expenses in toto. It is unclear from the brief description of services what benefit, if any, the Debtor received from these expenses. The substantial lack of detail associated with the Application for reimbursement of expenses renders these expenses noncompensable.

Based on the foregoing, this Court is satisfied that it is appropriate to approve the fee Application of WG & M in part, and to disapprove it in part. Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Application to be employed nunc pro tunc as of November 10, 1989, is disapproved. It is further

ORDERED, ADJUDGED AND DECREED that the Application for Attorneys Fees for the period from November 10, 1989 through December 21, 1989 in the amount of $4,544.00 is disapproved. It is further

ORDERED, ADJUDGED AND DECREED that the Application for Attorneys Fees is approved in part and WG & M is awarded an interim allowance of compensation for the period from December 22, 1989 through February 28, 1990 in the amount of $248,148.00. It is further

ORDERED, ADJUDGED AND DECREED that the Application for reimbursement of expenses for that period in the amount of $43,306.17 is disapproved. It is further

ORDERED, ADJUDGED AND DECREED that the portion of the $250,000.00 prepetition retainer obtained by WG & M which has not been earned ($16,561.74) is an asset of the Debtor's estate. WG & M may apply this amount to the award authorized by this Order as compensation for

postpetition services, in which case it must deduct that amount from the total amount the Debtor is authorized to pay to WG & M. Alternatively, WG & M may return the $16,561.74 to the Debtor's estate, in which case the Debtor is authorized to pay to WG & M the entire amount awarded to WG & M in this Order. However, this Order shall not be construed to be a final determination of the reasonableness of the amount paid to WG & M for services rendered prepetition or to indicate that the amount paid is no longer subject to re-examination pursuant to § 329 of the Bankruptcy Code. It is further

ORDERED, ADJUDGED AND DE-CREED that the allowance of compensation provided for herein is subject to and without prejudice to further review by the Court in connection with hearings on final allowances of compensation in this case to be held at a future date. It is further

ORDERED, ADJUDGED AND DE-CREED that this Court's Order of February 14, 1990 which authorized the employment of WG & M in this case is amended to narrow the scope of the employment of WG & M. Specifically, Paragraph 4 of that Order, which authorizes WG & M to "effectuate a smooth transition of counsel with respect to any matters and litigation as to which its retention has not been authorized" is deleted from the Order.

DONE AND ORDERED.