**In re Norman J. SMITH, Debtor.**

**Bankruptcy No. 86–2568–8P7.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

March 14, 1991.

George T. Hadley, Nixon & Nixon, Tampa, Fla., Trustee.

---

### ORDER ON NUNC PRO TUNC APPROVAL OF APPLICATION TO BE EMPLOYED

ALEXANDER L. PASKAY, Chief Judge.

THIS is a Chapter 7 liquidation case filed by Norman J. Smith and the matter under consideration is an Application to be Employed nunc pro tunc as of June 24, 1987, submitted by the Trustee, George T. Hadley (Trustee), and the law firm of Nixon and Nixon (Nixon), which seeks authorization for Nixon to be employed as attorneys for the Trustee. The Court has considered the record for the Application for Employment by the Trustee and Nixon and finds the following:

The Application for Employment of Nixon as attorneys for the Trustee was filed February 4, 1991. Nixon seeks to be employed as attorney for the Trustee in the case of In re Norman Smith, nunc pro tunc as of June 24, 1987.

█ It is well-established that a nunc pro tunc approval of an application is a rare exception and not the rule. A nunc pro tunc approval of an application to employ a professional should only be granted if the professional's failure to file was due to

excusable neglect. *In re American Cooler Co., Inc.*, 125 F.2d 496 (2d Cir.1942).

The Third Circuit Court of Appeals has adopted a two-prong test to determine whether nunc pro tunc approval of an application is appropriate. *In re Arkansas*, 798 F.2d 645 (3d Cir.1986). First, the applicant must meet the disinterested requirements of § 327(a) of the Bankruptcy Code, and it must be determined that the applicant would have been appointed initially if a timely application for retention had been filed. Second, the failure to timely apply for retention must be due to circumstances so extraordinary as to warrant the retroactive authorization of retention. *Id.* at 650.

The Bankruptcy Appellate Panel of the Ninth Circuit has also held that a showing of extraordinary circumstances is required to issue a nunc pro tunc order authorizing employment. *In re Crook*, 79 B.R. 475 (9th Cir. BAP 1987). Mere oversight or negligence does not constitute an exceptional circumstance which would warrant the entry of a retroactive order. *Id. See also, In re Downtown Investment Club, III*, 89 B.R. 59 (9th Cir.1988). The requirement of extraordinary circumstances serves to deter attorneys from failing to observe the requirements of § 327 of the Bankruptcy Code. *In re Crook, supra, citing, Kroeger Properties*, 57 B.R. 821 (9th Cir. BAP 1986). In *Matter of Lindo's Tours, USA, Inc.*, 55 B.R. 475 (Bankr.M.D. Fla.1985), this Court held that an application to be employed may be approved *only* after a showing that the application would have been approved if timely filed and that the failure to timely file was due to excusable neglect and was not the fault of the applicant.

█ Based on the foregoing, this Court is satisfied that Nixon has not met the "exceptional circumstance" prong of the test set forth by the Third and Ninth Circuits. *See In re Arkansas, supra,* and *In re Crook, supra.* Furthermore, Nixon has not demonstrated that the failure to file a timely application was due to excusable neglect and that it was not the fault of Nixon. *See Matter of Lindo's Tours, USA, Inc., supra.* Considering the fact

that the Application To Employ is both elementary and routine and can be prepared and filed in a very brief period of time and that Nixon is not a stranger to the Bankruptcy Court and is fully aware of the Court's procedures, this Court is satisfied that Nixon's failure to file a timely application was inexcusable and not due to extraordinary circumstances. *See In re Crook, supra.*

For this reason, this Court is satisfied that no allowance may be made to Mr. Nixon for services rendered by him prior to the date the Application To Employ was filed. Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Application for Nunc Pro Tunc Employment of Attorney for Trustee is disapproved. It is further

ORDERED, ADJUDGED AND DECREED that the Application for Employment as Attorney for the Trustee is approved as of February 4, 1991.

DONE AND ORDERED.