In re Rosemary Hill **SHIRLEY**, Debtor.

John A. DeRONDE, Jr., Appellant,

v.

Rosemary Hill **SHIRLEY**, Appellee.

BAP No. EC–90–1389–RPJ.

Bankruptcy No. 281–042420A–11.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted Nov. 21, 1991.

Decided Jan. 8, 1992.

John A. DeRonde, Jr., in pro. per.

Rosemary Hill Shirley, in pro. per., not present.

Before RUSSELL, PERRIS, and JONES, Bankruptcy Judges.

## OPINION

RUSSELL, Bankruptcy Judge:

The bankruptcy court denied payment of fees to an attorney for legal services allegedly rendered to the debtor and her Chapter 11 estate because court approval for the employment of counsel was never obtained. The attorney brought a motion for relief from the automatic stay to pursue a state court action to recover these fees from the debtor. The bankruptcy court denied the motion. The attorney appeals. We affirm.

## I. FACTS

Appellant John A. DeRonde Jr. ("De-Ronde"), a member of the California Bar, seeks to collect legal fees for services allegedly performed from February 13, 1989 to June 30, 1989 for Rosemary Hill Shirley ("Shirley"), the Chapter 11[1] debtor in possession and appellee in *propria persona.* These post-petition services, as DeRonde explains in his brief, were "for representation associated with then pending bankruptcy proceedings ... and other related matters." A document entitled "Substitution of Attorney" purportedly signed by both DeRonde and Shirley was filed with the bankruptcy court on April 27, 1989. This document stated in its entirety: "Notice is hereby given that Debtor, Rosemary Hill Shirley, hereby substitutes John A. DeRonde, Jr. as her Attorney of Record, in place and in stead [sic] of herself, acting in pro per." No motion or other request was made to the bankruptcy court for approval of the substitution, nor was there any order authorizing the appointment of DeRonde as counsel.

DeRonde did, at an unspecified time, prepare an *ex parte* application to employ attorneys *nunc pro tunc* which Shirley did not sign.

On July 27, 1989, DeRonde filed a motion for final allowance of attorney's fees which was heard August 28, 1989, and was opposed by Shirley appearing in *propria persona.* This fee application was DeRonde's only fee application. The bankruptcy court denied DeRonde's motion in an order issued September 15, 1989 on the basis that § 327 requires court approval of the employment of professionals. The bankruptcy court, in that order stated: "Neither the Bankruptcy Code nor the Bankruptcy Rules authorize an award of attorney's fees and costs for services benefiting the estate, absent a prior order of the court authorizing the same." The bankruptcy court in the order further stated: "Normally in the absence of an order of retention, the applicant must look to its own client for compensation." (*quoting from* 2 *Collier on Bankruptcy,* ¶ 327.02 at 327–12 (15th ed. 1991)). DeRonde, believing this to mean that state law action against Shirley in state court was allowed, filed an action in the Solano County Municipal Court to recover these fees on theories of *quantum meruit,* breach of contract, fraud and account stated.

On November 22, 1989, Shirley filed an amendment to her bankruptcy schedules to include debts for the unpaid services. The Municipal Court, upon receiving notice of the amended schedule, took the matter off calendar.

On February 16, 1990, DeRonde filed a motion for relief from the automatic stay in order to proceed with his state court action. The bankruptcy court denied the motion in an order dated April 5, 1990 stating that the previous order denying DeRonde's fee application "has become final and is res judicata on the subject." The court further stated that no showing had been made by DeRonde as to why he should be relieved from the automatic stay. DeRonde appeals this order.

## II. ISSUES

1. Whether the bankruptcy court erred in denying appellant DeRonde's motion for relief from the stay to pursue a state court action to recover attorney's fees where no court approval to appoint counsel was obtained under § 327.

2. Whether an attorney may pursue a state court action to recover fees for services allegedly performed for the debtor in possession where a fee application for those services was denied by the bankruptcy court.

## III. STANDARD OF REVIEW

An order denying relief from the automatic stay is reviewed under the abuse of discretion standard. *In re Can–Alta Properties, Ltd.,* 87 B.R. 89, 91 (9th Cir. BAP 1988); *In re Mac Donald,* 755 F.2d 715, 716 (9th Cir.1985). A bankruptcy court's determination regarding fees will

---

**1.** Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330 and to the Federal Rules of Bankruptcy Procedure, Rules 1001–9033.

not be disturbed on appeal absent abuse of discretion. *In re Film Ventures Intern., Inc.*, 75 B.R. 250 (9th Cir.BAP 1987). Under the abuse of discretion standard the Bankruptcy Appellate Panel must have "a definite and firm conviction that the court below committed a clear error of judgement in the conclusion it reached before reversal is proper." *In re Tong Seae (U.S.A.), Inc.*, 81 B.R. 593, 597 (9th Cir. BAP 1988).

## IV. DISCUSSION

■ DeRonde seeks relief from the automatic stay to continue his action for fees in state court. Bankruptcy Code § 362(d)(1) allows relief from the automatic stay "for cause." Exactly what constitutes cause under § 362(d)(1) is not clearly defined. It must be determined on a case by case basis in the court's discretion: "Because there is no clear definition of what constitutes 'cause,' discretionary relief from the stay must be determined on a case by case basis." *In re Mac Donald*, 755 F.2d 715, 717 (9th Cir.1985) (citation omitted). DeRonde asserts his action to recover fees under state law as cause justifying relief from the stay.

■ Although we recognize that "[a] clear congressional policy exists to give

state law claimants a right to have claims heard in state court," *In re Castlerock Properties*, 781 F.2d 159, 163 (9th Cir. 1986), *See*, 28 U.S.C. § 1334(c), DeRonde's services were admittedly rendered in connection with Shirley's bankruptcy[2] and therefore the entire matter falls squarely within the governance of the Bankruptcy Code provisions concerning employment of professionals and payment of fees. Section 327 states in relevant part:

**§ 327. Employment of professional persons.**

(a) Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

Section 327. (Callaghan 1991–92 ed.) This section is made equally applicable to a debtor in possession as it is to a trustee by § 1107(a).[3]

■ Court approval of the employment of counsel for a debtor in possession is *sine qua non* to counsel getting paid.[4]

---

2. At the March 26, 1990 hearing on motion for relief from the stay Pamela C. Jackson, the attorney appearing on behalf of DeRonde, stated in response to the court's question, as follows:

> COURT: Do I understand that the services he performed were services in connection with this bankruptcy?
> MS. JACKSON: Yes, your Honor.

(Appellant's Record of Transcript)

DeRonde also states in his opening brief that the services performed from February 13, 1989 to June 30, 1989 were "for representation associated with then pending bankruptcy proceedings . . . and other related matters."

3. DeRonde argues in his brief that § 327 applies only to a trustee. The Code mandates otherwise: "[A] debtor in possession shall have all the rights, . . . and powers, and shall perform all the functions and duties, . . . of this title, of a trustee serving in a case under this chapter." § 1107(a).

4. Although authority exists for a bankruptcy court to grant approval of the appointment of

counsel *nunc pro tunc,* this retroactive approval is limited to only cases of extraordinary circumstances not present here. *See, e.g., In re Crook,* 79 B.R. 475 (9th Cir.BAP 1987); *In re Arkansas Co.,* 798 F.2d 645 (3rd Cir.1986). The failure of counsel to procure court approval through inadvertence is not one such circumstance. *In re Arkansas,* at 649. Mere negligence does not constitute an exceptional circumstance justifying the entry of a retroactive order. *In re Crook,* 79 B.R. 475 (9th Cir.BAP 1987).

The Ninth Circuit requires a showing of both a satisfactory explanation for failure to receive prior judicial approval and a showing that the attorney has benefitted the estate in some significant manner before a retroactive order authorizing employment will be entered. *In re THC Financial Corp.,* 837 F.2d 389 (9th Cir.1988). *Accord In re B.E.S. Concrete Products, Inc.,* 93 B.R. 228 (Bankr.E.D.Cal.1988).

In the instant case, the record shows no extraordinary circumstance warranting a retroactive order. DeRonde seeks to collect legal fees for services allegedly performed commencing from February 13, 1989 to June 30, 1989 as stated in his opening brief and the billing state-

Failure to receive court approval for the employment of a professional in accordance with § 327 and Rule 2014 precludes the payment of fees. *See, e.g., In re THC Financial Corp.,* 837 F.2d 389 (9th Cir. 1988); *Robinson, Wolas & Hagen v. Gardner,* 433 F.2d 1104 (9th Cir.1970); *In re Downtown Investment Club III,* 89 B.R. 59, 63–64 (9th Cir.BAP 1988) ("There is no unjust hardship in requiring attorneys to observe the strict requirements of § 327 because professionals are charged with knowledge of the law." *quoting In re Kroger Properties and Development, Inc.,* 57 B.R. 821, 823 (9th Cir.BAP 1987)); *In re B.E.S. Concrete Products, Inc.,* 93 B.R. 228 (Bankr.E.D.Cal.1988); *In re Crook,* 79 B.R. 475 (9th Cir.BAP 1987); *In re Arkansas Co.,* 798 F.2d 645 (3rd Cir.1986). Commentators agree:

> When there is no compliance with the Code or rules, a professional may forfeit his right to compensation. The services for which compensation is requested should have been performed pursuant to appropriate authority under the Code and in accordance with an order of the court. Otherwise, the person rendering services may be an officious intermeddler or a gratuitous volunteer.... Thus an attorney who acts for a trustee or on behalf of a trustee without approval by the court may be denied any compensation even though valuable services were rendered in good faith. Normally in the absence of an order of retention, the applicant must look to its own client for compensation. (Footnotes omitted)

2 *Collier on Bankruptcy,* ¶ 327.02 at 327-9—327-13 (15th ed. 1991). The above section was cited in the bankruptcy court order [5] of September 15, 1989, denying De-

Ronde's motion for fees. DeRonde understood the last sentence of the quotation ("the applicant must look to its own client for compensation") as a directive to pursue an action in state court [6].

■ We hold that the Bankruptcy Code and Federal Rules of Bankruptcy Procedure operate to preclude fee awards for services performed on behalf of a bankruptcy estate based upon state law theories not provided for by the Code. A dissatisfied attorney, allegedly representing a debtor in possession having been denied fees in bankruptcy court, may not pursue alterative recovery in state court. To allow such a reading would be to circumvent the operation of provisions of the Code and Rules concerning the employment of professionals and the payment of fees in connection with bankruptcy cases.

The rationale behind the requirement of prior court approval for the employment of professionals is to guard against abuses: "The reason for the rules relating to retention of professional personnel and the setting of their fees is to protect the estate and its creditors from unwarranted and gratuitous claims." *In re Cummins,* 15 B.R. 893, 896 (9th Cir.BAP 1981). As one court has stated:

> The court must make the initial determination of the propriety of hiring consultants to assure that the costs of such services will not outweigh the benefits, and to insure that the door is not opened to the costly problems invited by the terrific opportunity for abuses which would exist if the debtor-in-possession were allowed to hire his own selected staff of consultants without the independent, detached assessment of the court.

ment in his exhibits. Yet DeRonde claims there was inadequate time between April 27, and the May 1, 1989 hearing date to prepare a motion to appoint counsel. DeRonde did however find time to prepare a substitution of attorney which he filed April 27, 1989. It is unclear why there was no time to file a simple motion in accordance with Bankruptcy Rule 2014 similar to the four page document he prepared in his motion requesting approval of his employment and fees *nunc pro tunc.*

It appears that DeRonde, through inadvertence, failed to prepare a motion for the appoint-

ment of counsel and only now seeks compensation despite his oversight.

5. The court cited an earlier version of the quoted text containing minor differences from the current version cited herein.

6. *Collier on Bankruptcy* cites *Guerin v. Weil, Gotshal & Manges,* 205 F.2d 302 (2d Cir.1953). This case does not stand for the proposition that one who has been denied fees by the bankruptcy court may alternatively file suit in state court on a theory of *quantum meruit* or otherwise.

*In re Carolina Sales Corp.,* 45 B.R. 750, 754 (Bankr.E.D.N.C.1985).

The Code sections and Rules covering the employment, compensation, and dealings between the debtor and the debtor's attorney are "premised on the need for and appropriateness of judicial scrutiny of arrangements between a debtor and his attorney to protect creditors of the estate and the debtor against overreaching by an officer of the court who is in a peculiarly advantageous position to impose on both the creditors and his client." Federal Rules of Bankruptcy Procedure, Rule 2017 Advisory Committee note, (1983). They are based upon recognition of "the temptation of a failing debtor to deal too liberally with his property in employing counsel to protect him in view of financial reverses and probable failure." *In re Wood and Henderson,* 210 U.S. 246, 253, 28 S.Ct. 621, 624, 52 L.Ed. 1046 (1908).

Permitting an attorney to pursue an action in state court against a debtor in possession after having been denied compensation in bankruptcy court would completely void the operation of the Bankruptcy Code and Rules promulgated to prevent such abuses. We cannot read § 327 and Rule 2017 to mean other than the preclusion of state court action to recover fees.

■ We therefore hold that the bankruptcy court correctly concluded that DeRonde has not shown cause justifying relief from the automatic stay. We find no abuse of discretion by the bankruptcy court in denying his motion for relief from the stay.

## V. CONCLUSION

Attorney DeRonde failed to obtain court approval for his retention as counsel for the debtor in possession as required by the Bankruptcy Code and Bankruptcy Rules which operate to preclude recovery of fees on state law theories. The bankruptcy court committed no abuse of discretion in denying DeRonde's motion for relief from

the stay to pursue the state court action. We **AFFIRM**[7].

---

**7.** Appellee Shirley has filed a motion for sanctions against appellant DeRonde for attorney's fees. That motion is hereby denied.