In re Alan GUTTERMAN and Kathleen Gutterman, Debtors.

Bankruptcy No. 98–43830 TK.

United States Bankruptcy Court, N.D. California.

Oct. 4, 1999.

---

Andrew D. Velez–Rivera, United States Department of Justice, Office of the United States Trustee, Oakland, CA.

Eric A. Nyberg, Kornfield, Paul & Bupp, Oakland, CA, for debtor.

## MEMORANDUM OF DECISION

LESLIE TCHAIKOVSKY, Bankruptcy Judge.

The Office of the United States Trustee ("UST") moves for reconsideration of the Court's order granting Kornfield, Paul & Bupp's ("Kornfield") employment application on a nunc pro tunc basis. For the reasons stated below, the Court denies the motion.

### SUMMARY OF FACTS

The facts underlying this contested matter are simple and are not in dispute. The above-captioned chapter 7 case was filed on April 27, 1998, and shortly thereafter, a trustee (the "Trustee") was appointed. The Trustee hired Kornfield to represent him in the case. It is Kornfield's normal practice to prepare and submit an employment application to the court immediately

upon being hired to represent a chapter 7 trustee, before performing any services. In this case, it failed to do so.

According to the motion: "The application was dictated and time was billed for the preparation of the application, but the application apparently was never transcribed and transmitted to the Trustee for signature and filing. Apparently, the application was not transcribed by reason of the inadvertence of a new secretary hired by the firm, a secretary who is no longer with the firm and, therefore, the exact circumstances surrounding the failure to transcribe cannot be ascertained." Kornfield contends that this failure was an "isolated incident." The Court does not believe that the UST disputes this contention.

Kornfield provided valuable services to the Trustee and to the bankruptcy estate for which Kornfield hopes to be paid. Its services are partially responsible for there being funds in the estate with which to pay those fees. Kornfield gave notice of its application to the Trustee and to all creditors, and no one other than the UST filed an objection to the application. The UST does not contend that there was any prejudice to the estate as a result of Kornfield's delay.

## DISCUSSION

The UST's motion for reconsideration is made pursuant to Rule 9023 of the Federal Rules of Bankruptcy Procedure and Rule 59(e) of the Federal Rules of Civil Procedure. Pursuant to those rules, the Court may reconsider its decision to correct a manifest error of law. The UST contends that the Court made such an error by applying the incorrect standard in granting the employment application. The UST contends that the Court found that Kornfield's conduct constituted "excusable neglect" and that the correct test for such an application is "exceptional circumstances."[1]

The Court agrees that, in this Circuit, the correct standard to be applied in determining whether to grant a nunc pro tunc employment application is "extraordinary circumstances."[2] *See In re THC Financial Corp.*, 837 F.2d 389, 392 (9th Cir.1988). This standard consists of two prongs: (1) whether the applicant has satisfactorily explained its failure to apply for court approval of its employment on a timely basis and (2) whether the applicant's services have benefitted the estate.[3] If those two prongs are met, other factors, such as those set forth in *In re Twinton Properties Partnership*, 27 B.R. 817, 819–20 (Bankr.M.D.Tenn.1983) may be considered. *See In re Atkins*, 69 F.3d 970, 976 (9th Cir.1995).

The UST inferred that the Court applied an excusable neglect standard rather than an exceptional circumstances standard in granting the nunc pro tunc employment application from the Court's reference in its oral ruling on the motion to *Pioneer Inv. Services Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 113 S.Ct.

---

**1.** In any event, the UST contends that Kornfield's application should also have been denied under an "excusable neglect" standard.

**2.** Circuits are divided on what constitutes the correct standard to be applied to such applications. The "exceptional circumstances" test appears to represent the majority rule. *See In re Land*, 943 F.2d 1265 (10th Cir.1991); *In re Arkansas Co.*, 798 F.2d 645, 649 (3rd Cir.1986); *In re Triangle Chemicals, Inc.*, 697 F.2d 1280 (5th Cir.1983). However, some Circuits apply a per se rule, declining to grant any such applications. *See In re Futuronics Corp.*, 655 F.2d 463 (2d Cir.1981); *Albers v.*

*Dickinson*, 127 F.2d 957 (8th Cir.1942). The Seventh Circuit has adopted an "excusable neglect" test. *See In re Singson*, 41 F.3d 316 (7th Cir.1994).

**3.** The UST does not dispute that Kornfield provided valuable services to the estate. The sole basis for its objection to Kornfield's motion and for the motion for reconsideration is that Kornfield's failure to apply for court approval of its employment on a timely basis constituted mere oversight and that mere oversight may not constitute a satisfactory explanation.

1489, 123 L.Ed.2d 74 (1993). In *Pioneer*, the Supreme Court considered, under what circumstances, a creditor should be permitted to file a late claim in a chapter 11 case. It applied an "excusable neglect" standard to the decision.

■ In determining whether the neglect was excusable, however, the Supreme Court considered not just the reason for the late filing but also whether the estate had suffered any prejudice as a result of the delay. When the Court referred to *Pioneer*, it intended to refer to this aspect of the decision, rather than to the "excusable neglect" standard. Based on *Pioneer*, the Court concludes that, in determining whether a professional applying for nunc pro tunc employment has provided a satisfactory explanation for its delay, the Court may consider not just the reason for the delay but also the prejudice (or lack thereof) to the estate as a result of the delay.

■ The Court agrees with the UST that the reason for Kornfield's failure to file a timely employment application constitutes mere oversight. Nevertheless, under these circumstances, the Court finds the explanation satisfactory and the first prong of the "exceptional circumstances" satisfied. The estate has suffered no prejudice. The Trustee does not object nor does any creditor of the estate. Denial of the application is not necessary to ensure that Kornfield will take greater care in its practice in the future. Kornfield typically practices carefully, and the Court has no reason to believe it will not do so in the future.

■ Whether to grant or deny a nunc pro tunc application is committed to the discretion of the bankruptcy court. *See In re Atkins*, 69 F.3d at 973; *In re Shirley*, 134 B.R. 940, 943 (9th Cir. BAP 1992). The Court is convinced that the sound exercise of its discretion compels it to grant the application under these circumstances.

The Court has carefully considered the cases cited by the parties to ensure that what it considers the fair decision does not contravene any controlling authority in this Circuit. The Court is convinced that it does not. The parties have cited three Ninth Circuit Court of Appeals decisions: *In re Atkins*, 69 F.3d 970; *In re Occidental Fin. Group, Inc.*, 40 F.3d 1059, 1062 (9th Cir.1994); and *In re THC Financial Corp.*, 837 F.2d 389, 392 (9th Cir.1988). In all three cases, the Court of Appeals affirmed the trial court's exercise of its discretion.

In *THC Financial*, the case that established the "exceptional circumstances" test, the lower court denied the professional's employment application. The application was opposed by the trustee who denied having hired the professional for the services in question. The trustee also contended that the professional's services did not benefit the estate. Finally, the professional offered no explanation for her failure to file a timely application.

In *In re Occidental Fin. Group, Inc.*, 40 F.3d 1059, 1062 (9th Cir.1994), the issue presented was not whether the professional's employment should have been approved on a nunc pro tunc basis but whether the court should have ordered the pre-petition retainer disgorged in its entirety. The professional had waited over seven months to file his application and had offered no explanation for the delay. More important, when he did apply for nunc pro tunc employment, he failed to disclose a disqualifying conflict.

Since the attorney did not obtain a court order approving his employment by the chapter 11 debtor-in-possession (and given his conflict could not do so), clearly, he was not entitled to any fees for post-petition services. *See In re Weibel*, 176 B.R. 209, 211 (9th Cir. BAP 1994), *citing In re Shirley*, 134 B.R. 940, 943–44 (9th Cir. BAP 1992). The appellate court also affirmed the bankruptcy court's order requiring the attorney to disgorge that portion of the retainer attributable to pre-petition ser-

vices as a sanction for the failure to disclose his conflict. *Id.* at 1063.

Finally, in *In re Atkins,* 69 F.3d 970, the bankruptcy court approved an accountant's nunc pro tunc employment application. The accountant represented that he was asked by the chapter 11 debtors to perform services on an emergency basis and was repeatedly assured that court approval would be obtained. Eventually, over a year later, the accountant filed its own employment application. Although the debtors objected to the application, on the ground that they had not asked the accountant to perform the services in question, the bankruptcy court apparently believed the accountant's version of the facts and found the explanation satisfactory. It also found that the accountant's services had benefitted the estate. Again, the Ninth Circuit Court of Appeals affirmed the bankruptcy court's exercise of discretion.

■ While it is not contended that Kornfield was requested to perform services for the Trustee in this case on an emergency basis, nothing in these three Ninth Circuit cases suggests that this is the only possible satisfactory explanation for a delay in filing an employment application.

The parties have also cited several cases decided by the Bankruptcy Appellate Panel: *In re Mehdipour,* 202 B.R. 474 (9th Cir. BAP 1996), *affirmed without opinion,* 139 F.3d 1303 (9th Cir.1998); *In re Shirley,* 134 B.R. 940 (9th Cir. BAP 1992); and *In re Downtown Investment Club, III,* 89 B.R. 59 (9th Cir. BAP 1988).[4] The Court does not believe that any of these three cases compels it to reconsider its decision either.

In *Shirley,* the issue presented on appeal was not whether the bankruptcy court should have denied the attorney's nunc pro

tunc employment application but rather whether, having denied such an application, the court should have refused to grant the attorney relief from the automatic stay to sue the debtor for its fees in state court. The Bankruptcy Appellate Panel affirmed the lower court. Although the decision states in a footnote that "mere negligence" may never qualify as exceptional circumstances, this language is nothing more than dicta. *See Shirley,* 134 B.R. at 944, n. 4.

In *In re Mehdipour,* 202 B.R. 474 (9th Cir. BAP 1996), a case with unusual facts, the Bankruptcy Appellate Panel affirmed an award of fees to a professional whose employment had not been approved by the bankruptcy court. In *Mehdipour,* at the debtor's request, the broker had procured a buyer for the estate's principal asset. The debtor then refused to apply for approval of the broker's employment.

When the broker filed its own employment application, the bankruptcy court denied it, holding that a professional has no standing to file such an application. On the bankruptcy court's advice, the broker filed an application for its fees as an administrative expense which the bankruptcy court granted. The appellate court found that the bankruptcy court had erred in denying the broker's employment application. Although the law is clear that, ordinarily, a professional whose employment has not been approved by the court may not recover fees from the estate as an administrative expense; *see Weibel,* at 211; the Panel apparently concluded that it would be unfair under these circumstances to deny the broker's fee request.

The sole case cited by the parties in which the appellate court reversed the lower court's ruling is *In re Downtown Investment Club III,* 89 B.R. 59 (9th Cir. BAP

---

4. The parties also cited *In re Crook,* 79 B.R. 475, 477 (9th Cir. BAP 1987) and *In re Kroeger Properties and Development, Inc.,* 57 B.R. 821, 823 (9th Cir. BAP 1986). However, these cases are not controlling. They were decided before *THC Financial* which established the "exceptional circumstances" standard; they merely balanced the *Twinton Properties* factors.

1988). *Downtown Investment* involves egregious facts. In that case, the law firm representing a chapter 11 partnership debtor failed to file an employment application, apparently intending to look primarily to the debtor's general partner for its fees.

A chapter 11 plan was confirmed in 1984. The plan was modified in 1986. In addition to approving the modification of the plan, the bankruptcy court approved the law firm's application for nunc pro tunc employment, its application for the payment of its fees from the estate, and the general partner's application for repayment of certain advances to the estate. "The orders had the effect of depleting all of the estate's assets, leaving nothing for unsecured creditors."

The appellate court found that the notice of the motions was defective and that the orders were void as lacking in due process. It also found that the orders constituted an abuse of discretion in that the law firm had not even filed a fee application. Finally, it found that the bankruptcy court erred in approving the law firm's employment on a nunc pro tunc basis on the ground that the objecting party had failed to establish that the law firm's services had not benefitted the estate. Instead, the professional should have been required to establish that its services had benefitted the estate. *Id.* at 64. As discussed above, the UST does not dispute that Kornfield's services benefitted the estate in this case.

### CONCLUSION

The Court denies the UST's motion for reconsideration of its order granting Kornfield's application for nunc pro tunc employment. The Court finds that Kornfield's oversight in failing to file a timely application—i.e., an isolated incident in its generally careful and competent practice—coupled with the absence of any objection by the trustee or any creditor and the lack of any prejudice to the estate due to the delay—qualifies as a satisfactory explanation within the meaning of the applicable

authorities in the Ninth Circuit. The Court directs Kornfield to submit a proposed form of order in accordance with this decision.