In re **PRINCETON MEDICAL MANAGEMENT INC.; Princeton Dental Management Corporation; Princeton Med. Manage. Midwest, Inc.; Mason Dental Midwest, Inc.; and Princeton Med. Mgt. Southeast, Inc., Debtors.**

Nos. **99–16011–8C1 to 99–16015–8C1.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

June 5, 2000.

Joel S. Treuhaft, Joel S. Treuhaft, P.A., Palm Harbor, Florida, for debtors.

Soneet R. Kapila, Ft. Lauderdale, Florida, Chapter 11 Trustee.

Roberta Colton, Trenam, Kemker, Scharf, Barkin, Frye, O'Neill & Mullis, P.A., Tampa, Florida, for Chapter 11 Trustee.

John J. Lamoureux, Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Attorneys at Law, Tampa, Florida, for the Official Committee of Unsecured Creditors.

*ORDER DENYING APPLICATION FOR APPROVAL OF EMPLOYMENT OF JOHN KAMP AS ACCOUNTANT FOR THE DEBTOR, PRINCETON DENTAL MANAGEMENT CORPORATION*

C. TIMOTHY CORCORAN, III, Bankruptcy Judge.

These consolidated cases came on for consideration of the application of the debtor, Princeton Dental Management Corporation, for approval of the employment of John Kamp and John R. Kamp, P.C., as accountants for the debtor (Docu-

ment No. 183). This debtor filed the application on May 12, 2000, and seeks the court's approval retroactive to the date the debtor filed its Chapter 11 case on October 1, 2000.

## I.

A review of the court file reveals the following facts:[1]

The debtor filed its Chapter 11 bankruptcy petition on October 1, 1999. On January 27, 2000, the court entered an order of joint administration affecting this case and four others involving related debtors that were filed about the same time (Document No. 32). On April 4, 2000, the court entered an order substantively consolidating these cases (Document No. 139). The debtors were debtors-in-possession until April 21, 2000, when the court ordered the appointment of a Chapter 11 trustee (Document No. 152). The court approved the U.S. Trustee's appointment of Soneet R. Kapila as Chapter 11 trustee on April 27, 2000 (Document No. 158).

On November 30, 1999, almost two months after this debtor filed its petition and while the debtor was a debtor-in-possession, the debtor filed its original application seeking the approval of the employment of this accountant (Case No. 99–16012, Document No. 17A). The debtor supported the application with an affidavit as required by F.R.B.P. 2014(a) (Case No. 99–16012, Document No. 12B). The affidavit revealed that the accountant had performed services for the debtor before the filing of the bankruptcy case and that the debtor owed the accountant for prepetition services. Pursuant to the provisions of Section 101(14) of the Bankruptcy Code, the accountant was not a "disinterested person" eligible for employment by a trustee under Section 327(a). The court was required, therefore, to deny the application. The court did so on December 20,

1. The facts recited here are established without dispute in the record, including in the debtor's applications and supporting affida-

vits. There are no facts in dispute. The court can therefore decide the issues on the papers without the necessity of a hearing.

1999, by endorsing the following order on the face of the application:

12/20/99

Denied. The affidavit affirmatively shows that the accountant is a creditor, is not disinterested, and is ineligible for employment. *See* 11 U.S.C. § 327(a), § 101(14).

CTC

(Case No. 99–16012, Document No. 32).

On December 30, 1999, the debtor filed a motion for rehearing (Case No. 99–16012, Document No. 36A). In this motion, the debtor stated that the accountant "was owed approximately $4,000.00 . . . at the time of the filing" and that the accountant "has agreed to waive any pre-petition amounts which may be due until all pre-petition creditors have been paid pursuant to a confirmed Plan of Reorganization." On January 5, 2000, the court entered an order denying this motion for rehearing, noting that, "[i]f a waiver of the disqualifying prepetition claim is involved, a new affidavit is required and a new application." (Case No. 99–16012, Document No. 38).

Neither this debtor nor the accountant filed anything further as to this matter until May 12, 2000, when this debtor filed the instant application (Document No. 183) and a supplemental affidavit (Document No. 184). In the supplemental affidavit, the accountant does not waive the prepetition claim, thereby eliminating the disqualifying condition. Instead, the accountant says:

8. My firm and I are not seeking the payment of the pre-petition amount due during the pendency of the Debtor's Bankruptcy case.

\* \* \* \*

10. The Affiant wishes the Court to consider the pre-petition amount due ($4,000.00) along with the results of the Affiant's post-petition services rendered (if appointed) when awarding fees based on a Fee Application for post-petition services rendered.

11. The Affiant and his firm reserved the right to pursue any pre-petition amount due in the event that these Bankruptcy proceedings are dismiss [sic].

12. Affiant and his firm agree to accept any amount awarded for its post-petition services along with any treatment allowed for in any confirmed Chapter 11 Plan, as to the treatment of its pre-petition claim.

The accountant began rendering services for this debtor on approximately September 10, 1999, about 20 days before this debtor filed its bankruptcy petition (Case No. 99–16012, Document No. 36A, ¶ 3). Although not explicitly stated in the application papers, it is implicit that the accountant performed services for this debtor without court authorization after the bankruptcy filing. It is for this apparent reason that the debtor now seeks approval of the accountant's employment retroactive to the date of the bankruptcy filing.

In the meantime, of course, this debtor ceased being a debtor-in-possession, and the Chapter 11 trustee has employed his own accountants with the court's approval (Documents Nos. 179 and 216).

## II.

■ To obtain retroactive approval of the employment of a professional under Section 327 of the Bankruptcy Code, a trustee must meet two general requirements. "First, nunc pro tunc approval of an application of a professional can be granted only if the failure to file a timely application was due to excusable neglect. \* \* \* \* Second, nunc pro tunc approval requires a showing that the applicant would have been approved initially if a timely application had been filed." *In re Jones*, 138 B.R. 289, 293 (Bankr.M.D.Fla. 1992). *See also In re Smith*, 125 B.R. 841, 842 (Bankr.M.D.Fla.1991), and the cases cited there.

### A.

■ The pending application to approve the accountant's employment fails to contain any showing as to why the application was not filed promptly upon the filing of the debtor's bankruptcy case on October 1, 1999, instead of seven and a half months later on May 12, 2000. Although the record does reflect that the debtor filed the original application on November 30, 1999, a date two months after the time the application should have been filed, the application fails to make any showing as to the reason for even that tardy filing. Further, the application fails to make any showing as to why it took the debtor some five months—from December 20, 1999, to May 18, 2000—to file the pending application after the court identified the problems with the original application.

■ This is not a case in which the court finds the debtor's showing of excusable neglect to be insufficient.[2] Instead, this is a case where the debtor has simply made no showing whatsoever on the point. The only thing we know from the record is that the debtor did not file the application until months after the time the debtor should have. On this record, therefore, the debtor has failed to carry its burden of showing that its failure to file a timely application was due to excusable neglect. "Where the lateness in seeking court approval of employment is attended by inexcusable or *unexplained* negligence, a retroactive authorization order should not be issued." *In re Crook*, 79 B.R. 475, 479 (9th Cir. BAP 1987) (emphasis added). "While this may seem to be a harsh rule, a more lenient approach would reward laxity by counsel and might encourage circumvention of the statutory requirement" of Section 327(a) that approval be obtained beforehand. *In re Arkansas Co.*, 798 F.2d 645, 650 (3d Cir.1986).

### B.

■ In addition, the court could not have approved this application had it been filed timely. First, the face of the affidavit filed in support of the application shows that the accountant is a prepetition creditor of the debtor. The debtor owes the accountant some $4,000. Because the accountant is a creditor, the accountant is not a "disinterested person" within the meaning of Section 101(14) of the Bankruptcy Code. Disinterestedness, of course, is a requirement for eligibility for employment under Section 327(a) of the Bankruptcy Code. The court pointed out this disqualifying fact to the debtor and the accountant on December 20, 1999.

In circumstances such as these, professionals desiring to be employed by trustees waive their disqualifying prepetition claims. In this case, the accountant has not done so. Instead, the most recent affidavit filed by the accountant makes clear that the accountant retains his claim and intends to have the claim paid by the debtor, although it does show his willingness to subordinate his claim to the claims of other general, unsecured claimants. Even with a subordinated claim, however, the accountant is still a creditor; as a creditor, the accountant continues not to be a "disinterested person." Subordination, therefore, does not eliminate the accountant's disqualification. Not only could the court not have approved this application had it been timely filed, the court cannot approve it now.

■ Second, events in this case dramatically changed when the court ordered the appointment of a Chapter 11 trustee. The debtor ceased to be a debtor-in-possession possessing the powers of a trustee. *See* 11 U.S.C. § 1107(a). Only a trustee—and not a debtor—may employ professionals under Section 327 of the Bankruptcy Code. Section 327(a) specifically provides

---

2. In *Pioneer Investment Services Co. v. Brunswick Associates L.P.*, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993), the Supreme Court defined the meaning of "excusable neglect" in the context of a request under F.R.B.P. 9006(b)(1) to permit the late filing of a proof of claim.

that "the *trustee*, with the court's approval, may employ one or more attorneys, accountants...." (emphasis added). The court, therefore, may not approve the accountant's employment by the debtor.

## III.

For these reasons, the debtor has failed to demonstrate entitlement to retroactive approval of the employment of the accountant. The court therefore denies the pending application.