91 F.3d 153
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re James Cy MOURADICK, Debtor.
W. Bartley ANDERSON, Appellant,
v.
James Cy MOURADICK, Appellee.
 No. 95-15103.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 13, 1996.*
Decided July 10, 1996.
 
 1
 Before: T.G. NELSON and TASHIMA, Circuit Judges, and BURNS, Senior District Judge.**
 
 
 2
 MEMORANDUM***
 
 
 3
 Attorney W. Bartley Anderson appeals from a decision of the Ninth Circuit Bankruptcy Appellate Panel ("BAP") affirming a bankruptcy court order. The order enjoined Anderson from pursuing certain state court litigation against the debtor, James Cy Mouradick, and awarded attorney's fees to Mouradick. We have jurisdiction under 28 U.S.C. § 158(d), and we affirm the injunction, vacate the fee award, and remand.
 
 
 4
 * We reject Anderson's argument that the bankruptcy court lacked jurisdiction to enter judgment. His contention that the state court lawsuit does not concern the bankruptcy estate goes more to the merits of the bankruptcy court's injunction than to the court's jurisdiction. See American Hardwoods, Inc. v. Deutsche Credit Corp. (In re American Hardwoods, Inc.), 885 F.2d 621, 624 (9th Cir.1989). Because this case "involve[s] a cause of action created or determined by a statutory provision of title 11," it is a core proceeding in which the bankruptcy court could enter judgment. See Maitland v. Mitchell (In re Harris Pine Mills), 44 F.3d 1431, 1435 (9th Cir.) (internal quotation and citation omitted), cert. denied, 115 S.Ct. 2555 (1995); 3 Collier on Bankruptcy p 524.02, at 524-22 (Lawrence P. King ed., 15th ed. Mar. 1995) [hereinafter "Collier "].
 
 II
 
 5
 Reviewing de novo the grant of summary judgment, see Wyle v. C.H. Rider & Family (In re United Energy Corp.), 944 F.2d 589, 593 (9th Cir.1991), we agree with the BAP that the bankruptcy court properly enjoined the state court proceeding as a violation of the discharge injunction conferred under 11 U.S.C. §§ 524(a)(2), 1141(d)(1)(A).
 
 
 6
 Based on the plain language of § 1141(d)(1)(A), we reject Anderson's argument that confirmation of a reorganization plan only discharges debts in existence on the day the debtor filed for bankruptcy. Anderson offers no explanation for much of the legislative history he cites, and some of the history pertains to language that was changed before § 1141 was enacted. Compare S. 2266, 95th Cong., 2d Sess. § 1141(d)(1)(A) (1978) with 11 U.S.C. § 1141(d)(1)(A) (1988). Furthermore, Carolco Television Inc. v. NBC (In re De Laurentiis Entertainment Group, Inc.), 963 F.2d 1269, 1274-75 (9th Cir.), cert. denied, 506 U.S. 918 (1992), does not hold that post-petition, pre-confirmation debts are not discharged. Anderson's other arguments concerning the interpretation of § 1141, including his discussion of public policy, are similarly unpersuasive.
 
 
 7
 Regarding the effect of the discharge conferred under § 1141, Anderson contends his suit can proceed because he is only seeking to recover from Mouradick's future income, not the bankruptcy estate. Even assuming this description of the state court action is correct, the statute defining the effect of a bankruptcy discharge, § 524(a)(2), recognizes no such distinction. Anderson's frequent citations to McQuaid v. Owners of NW 20 Real Estate (In re Federal Shopping Way, Inc.), 717 F.2d 1264 (9th Cir.1983), are not on point as the case did not concern discharge of a debt.
 
 
 8
 Because the state court lawsuit was barred under the statutory discharge injunction, the bankruptcy court did not err by enjoining the action under 11 U.S.C. § 105. See American Hardwoods, 885 F.2d at 625 ("section 105 permits the court to issue ... injunctions after confirmation of a plan to protect the debtor and the administration of the bankruptcy estate"). Because the state court lawsuit was properly enjoined as a violation of the discharge injunction, we need not consider Anderson's alternative arguments that the injunction violated the Anti-Injunction Act, 28 U.S.C. § 2283; that he received inadequate notice from the bankruptcy court of a different theory supporting the injunction; and that summary judgment was precluded because there was a genuine issue as to whether Mouradick was estopped from claiming that the bankruptcy court's previous denial of a fee award barred the state court action. We also need not consider Mouradick's alternative argument that the injunction can be upheld based on DeRonde v. Shirley (In re Shirley), 134 B.R. 940 (Bankr. 9th Cir.1992).
 
 III
 
 9
 Reviewing the bankruptcy court's fee award for an abuse of discretion, see Caldwell v. Unified Capital Corp. (In re Rainbow Magazine, Inc.), 77 F.3d 278, 283 (9th Cir.1996), we find the award must be vacated. At least $1,100 of the $7,143 award represents fees incurred before confirmation of Mouradick's reorganization plan even though no statute or court order enjoined Anderson from filing his state court action during this time. Indeed, there may have been reason to think such lawsuits were possible. See, e.g., Shirley, 134 B.R. at 942, 944 (referring to a passage in Collier that remains substantially unchanged); 2 Collier p 327.02, at 327-17 (Feb.1994).
 
 
 10
 Shirley is the only authority bearing directly on whether Anderson could bring his state court action prior to Mouradick's confirmation. Although the BAP apparently barred such suits, see 134 B.R. at 944, Anderson reasonably distinguishes Shirley on the ground that, unlike the attorney in that case, Anderson sought the bankruptcy court's approval to work on Mouradick's bankruptcy a short time after work started and the court "authoriz[ed] his employment as long as the costs aren't costs of the estate." Although the BAP has now rejected a similar distinction, see McCutchen, Doyle, Brown & Enersen v. Official Committee of Unsecured Creditors (In re Weibel, Inc.), 176 B.R. 209, 212 (Bankr. 9th Cir.1994), Anderson did not have the benefit of this decision when he filed his state court action. This distinction gave Anderson sufficient reason to believe he could file his state court action in good faith.
 
 
 11
 Because the bankruptcy court did not differentiate between attorney's fees incurred by Mouradick in the state court action before and after his reorganization plan was approved, we vacate the fee award and remand for a determination of whether an award based solely on post-confirmation acts or omissions is appropriate and, if so, the amount of the award.
 
 
 12
 We also reject Anderson's contention that the bankruptcy court lacks authority to sanction him for violating the discharge injunction following confirmation of Mouradick's reorganization plan. See Fed.R.Bankr.P. 9020; Caldwell, 77 F.3d at 284. While Anderson contends the decision in Plastiras v. Idell (In re Sequoia Auto Brokers, Ltd.), 827 F.2d 1281 (9th Cir.1987), precludes a bankruptcy court from entering a contempt order, that decision has been overruled. See Caldwell, 77 F.3d at 285.
 
 
 13
 Each party to bear his own costs on appeal.
 
 
 14
 AFFIRMED in part, VACATED in part, and REMANDED to the Bankruptcy Appellate Panel with instructions to remand to the Bankruptcy Court.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Honorable James M. Burns, Senior District Judge for the District of Oregon, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir.R. 36-3