### In re SOVEREIGN OIL COMPANY, Debtor.

**Bankruptcy No. 89–05025–8P7.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Oct. 9, 1997.

Stephan J. Freeman, St. Petersburg, FL, for Debtor.

V. John Brook, Jr., St. Petersburg, FL, Trustee.

Allan C. Watkins, Tampa, FL, for Trustee.

Larry Foyle, Tampa, FL, for Movant.

## ORDER ON MOTION FOR RECONSIDERATION OF ORDER ALLOWING ADMINISTRATIVE EXPENSES, AUTHORIZING DISBURSEMENTS AND DIRECTING PAYMENT OF DIVIDENDS (DOC. # 283)

ALEXANDER L. PASKAY, Chief Judge.

THIS is a Chapter 7 case and the matter under consideration is a Motion for Reconsideration of Order Allowing Administrative Expenses, Authorizing Disbursements and Directing Payment of Dividends (Doc. # 283) filed by Malcolm E.A. McCoy (Applicant), Vice President of Sovereign Oil Company (Sovereign), the Debtor in this case. Applicant contends that he is entitled to compensation for services rendered to the Debtor during its Chapter 11 and subsequent Chapter 7 liquidation as an administrative expense. The facts upon which this claim is based and which were established at the hearing are as follows:

On July 18, 1989, Sovereign filed its voluntary Petition for relief under Chapter 11 of the Bankruptcy Code. It appears from the Schedules that M.R. McCoy, the Applicant's father, was President and that the Applicant was Vice President. Applicant claims he ceased to function as Vice President after commencement of the Chapter 11 case.

Prior to the commencement of the Chapter 11 case and for the time period following, Applicant was the lease operator of several natural gas wells located in Larimer County, Colorado. The Debtor was unable to obtain confirmation of its Plan of Reorganization on June 25, 1991 and the Chapter 11 case was ultimately converted to a case under Chapter 7 on July 22, 1991. Thereafter, V. John Brook was appointed as trustee.

It is without dispute that the four wells described earlier were kept in operation and, in fact, produced income for the estate. The Trustee received income from royalty checks as a result of the operation of these wells. Exh. 8. It is equally without dispute that as early as the Fall of 1992, the Trustee was fully aware that the Applicant had been performing some function in connection with the operation of the wells. The Trustee released checks to the Applicant on December 8, 1993 with instructions to pay ad valorem taxes. It is also without dispute that Applicant paid the yearly taxes. Exh. 8 and 9.

The Applicant concedes, as he must, that he was never authorized by this Court to be employed by the Trustee to perform services for the estate, but nevertheless contends that by keeping the wells in operation, he benefitted the estate and enabled the Trustee, ulti-

mately, to sell the estate's interest in the gas/lease wells to Wild West Joint Venture on December 9, 1994 at a liquidation price of $1,000.00.

Based upon these facts, Applicant contends he is entitled to a priority administrative expense for his services and lease operating expenses based upon his substantial contribution to the estate.

 It should be noted at the outset that compensation or administrative expenses usually cannot be granted for professional services unless the court has authorized the employment prior to the performance of the services. *In re Shirley*, 134 B.R. 940, 943–44 (9th Cir. BAP 1992). Despite this general rule, the ultimate decision rests upon the discretion of the court to grant approval *nunc pro tunc* where a professional did not receive prior court approval. *In re First Security Mortgage Company, Inc.*, 117 B.R. 1001 (Bankr.N.D.Okla.1990). In considering an application for payment by an unauthorized party, the courts may grant the application on equitable grounds provided the unauthorized party is able to show (1) that had an application for employment been made it would have been granted; (2) a valid excuse why no application for employment has been made; and (3) that the services rendered have benefitted the estate in some significant manner. *See In re Colortex Industries*, 19 F.3d 1371 (11th Cir.1994); *In re Mehdipour*, 202 B.R. 474 (9th Cir. BAP 1996). Moreover, the "[a]utomatic disallowance of any fee no matter what the circumstances is not only uncalled-for by the statutory language but is unjustifiable in equity and insupportable as a matter of policy." *In re First Security Mortgage Company, Inc.*, 117 B.R. 1001 at 1007. In equity, such a rule tends to confer an unjust enrichment on the estate which has received valuable services without having to pay for them. *Id.*

■ Therefore, upon review of the record and having heard argument of counsel, this Court has considered the Motion for Reconsideration, and finds that in spite of the lack of authorization, Applicant has set forth com-

pelling reasons for this Court to approve $3,500.00 of the requested administrative expenses.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that upon reconsideration the Order Allowing Administrative Expenses Authorizing Disbursements and Directing Payment of Dividends is hereby amended to reflect that Applicant is hereby awarded the amount of $3,500.00 as an administrative expense.