**In re SUPERIOR AVIATION, INC., Debtor.**

**No. 00–1793–3P7.**

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

Aug. 25, 2003.

Edward P. Jackson, Jackson & Mason, Jacksonville, FL, for Debtor.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This Case is before the Court upon the Chapter 7 Administrative Claim filed by American Airlines, Inc. After a hearing on August 6, 2003 the Court makes the following Findings of Fact and Conclusions of Law:

### FINDINGS OF FACT

1. On August 7, 2002, an involuntary petition was filed on behalf of the Debtor by American Airlines.

2. Before the filing of the involuntary petition American Airlines engaged the services of Presser, Lahnen & Edelman.

3. The CPAs of Presser, Lahnen & Edelman performed accounting services for the benefit of the estate both prior to the filing of the involuntary petition and through October 2000.

4. In May of 2000, the Trustee, Charles Grant, requested that the CPAs of Presser, Lahnen & Edelman perform certain tasks.

5. Although it was the Trustee who requested the services of Presser, Lahnen & Edelman, American Airlines continued to pay for the firm's services.

6. Between May 2000 and October 2001, American Airlines paid a total of

$17,105.00 to Presser, Lahnen & Edelman.

## CONCLUSIONS OF LAW

■ The language of 11 U.S.C. § 327(a) and Bankruptcy Rule 2014 make it very clear that a professional will not be compensated or reimbursed for expenses if their employment has not received prior approval from the court.

11 U.S.C. § 327(a) states that a trustee: "..... with the court's approval, may employ one or more... professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title."

Bankruptcy Rule 2014(a) provides:

"An order approving employment of attorneys, accountants, appraisers, auctioneers, agents, or other professional persons pursuant to § 327, § 1103 or § 1114 of the Code shall be made only on application of the trustee or committee."

■ As a general rule, administrative services will typically not be granted unless the court has authorized the services prior to them being performed. *In re Sovereign Oil Company*, 216 B.R. 666 (Bankr.M.D.Fla.1997). Ultimately, it is within the court's discretion whether to approve administrative services on a nunc pro tunc basis. *Id., In re First Security Mortgage Company Inc.*, 117 B.R. 1001 (Bankr.N.D.Okla.1990).

■ It is this Court's holding that administrative orders should only be entered on a nunc pro tunc basis in the most extraordinary circumstances. Further, the Court's strict adherence to the prior approval requirement of 11 U.S.C. § 327(a) and Bankruptcy Rule 2014 can be evidenced by the fact that the Court has never previously authorized an administrative expense on a nunc pro tunc basis. The instant case does not present the Court with an extraordinary circumstance. Therefore, even though the Trustee supports American Airline's motion the Court sees no reason why it should grant the administrative expenses. If the Court were to hold otherwise, it would effectively be setting a precedent that would diminish the requirements set forth by 11 U.S.C. § 327(a) and Bankruptcy Rule 2014.

If extraordinary circumstances were present in the instant case, the Court may have exercised its discretionary power to grant the motion. However, there are no extraordinary circumstances present. The instant case merely presents a situation to the Court in which there is money left over in the estate and American Airlines is attempting to make a claim to a portion of it. This clearly does not qualify as an extraordinary circumstance. Therefore, there is no reason for the Court to alter its position requiring strict adherence to the prior approval requirement of 11 U.S.C. § 327(a) and Bankruptcy Rule 2014.

■ Finally, the Court finds no merit to American Airlines argument that the Court's prior approval was not necessary because the instant case was filed under an involuntary rather then voluntary basis. The Court holds that it makes no difference whether the bankruptcy petition was filed involuntarily or voluntarily for purposes of 11 U.S.C. § 327(a) and Bankruptcy Rule 2014's prior approval requirement.

## CONCLUSION

Based upon the foregoing, the Court denies the Chapter 7 Administrative Claim filed by American Airlines Inc. The Court will enter a separate order consistent with

these Findings of Fact and Conclusions of Law.