In re Paul A. BILZERIAN, Debtor.

Paul A. BILZERIAN, Plaintiff,

v.

SECURITIES AND EXCHANGE COMMISSION, Defendant.

Bankruptcy No. 91–10466–8P7. Adv. No. 91–556.

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Oct. 22, 1992.

Frederick Rudzik, St. Petersburg, Fla., for plaintiff.

Barry R. Goldsmith, Washington, D.C., for defendant.

Steven A. Nisbet, Tampa, Fla., Catherine M. Shea, Lucinda P. Burwell, Washington, D.C., for defendant.

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

ALEXANDER L. PASKAY, Chief Judge.

THIS CAUSE came on for hearing with notice to all parties in interest to consider a Motion For Summary Judgment filed by the Defendant, the Securities And Exchange Commission (SEC). In its Motion, the SEC contends that the issues raised in the Debtor's Complaint for Injunctive Relief may be resolved in its favor as a matter of law as there are no genuine issues of material facts.

The undisputed facts as appear from the record may be summarized as follows: On June 30, 1989, the SEC commenced a civil enforcement action against the Debtor in the United States District Court for the District of Columbia, alleging that the Debtor violated the anti-fraud and numerous other provisions of the Federal Securities Laws in connection with his takeover attempts of several public companies. In the civil enforcement action, the SEC sought equitable relief in the form of an injunction against future violations of the securities laws as well as disgorgement by the Debtor of profits he made as a result of his claimed illegal activities concerning his attempt to acquire control of several entities.

On April 18, 1991, the district court entered Partial Summary Judgment in favor of the SEC and against the Debtor and issued a permanent injunction prohibiting the Debtor from continuing to violate the securities laws. *SEC v. Bilzerian, et al.*, 1991, Fed.Sec.L.Rep. (CCH) ¶ 95,875, 1991 WL 83964 (D.D.C. April 18, 1991). The only remaining issue in the civil enforcement action is the fixing of the proper amount of profits which the Debtor should be compelled to disgorge. Both the SEC

and the Debtor have completed briefing the disgorgement issue, and the parties are now waiting for the district court to render its decision on this issue.

On August 5, 1991, the Debtor filed his voluntary Petition for Relief under Chapter 11 of the Bankruptcy Code. The case was subsequently converted to a Chapter 7 liquidation on October 22, 1991, but before the conversion, the Debtor filed its Complaint for Injunctive Relief against the SEC seeking an injunction prohibiting the SEC "from further pursuit of monetary damages" on the grounds that the automatic stay provisions of 11 U.S.C. § 362(a) prohibit the SEC from proceeding further with the civil enforcement action.

The SEC then filed the Motion for Summary Judgment presently under consideration. In resolving this matter, it is important to note that § 362 provides in pertinent part as follows:

§ 362. Automatic stay

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302 or 303 of this title, ... operates as a stay, applicable to all entities, [except—]

.    .    .    .    .

(b) The filing of a petition under section 301, 302 or 303 of this title, ... does not operate as a stay—

.    .    .    .    .

(4) under subsection (a)(1) of this section, of the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power;

(5) under subsection (a)(2) of this section, of the enforcement of a judgment, other than a money judgment, obtained in an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power;

.    .    .    .    .

In support of its Motion For Summary Judgment, the SEC contends that its pursuit in the district court of its equitable remedy of disgorgement is to enforce the

Government's police or regulatory powers and therefore, is exempt from the provisions of 11 U.S.C. § 362(a) by virtue of 11 U.S.C. § 362(b)(4). It is important to note that the SEC concedes that the scope of § 362(b)(4) is not broad enough to permit the SEC to seek to enforce any disgorgement order, and the payment of any disgorgement award will be subject to the applicable provisions of the Bankruptcy Code and the control of this Court.

The Debtor concedes that there are no facts in dispute, and urges that the SEC's suit in the district court in which the SEC seeks an order to fix the amount of profits is nothing more than an attempt to impose personal liability on the Debtor for a prepetition claim and therefore would be a violation of the automatic stay. In the alternative, the Debtor contends that if it is compelled to defend the action in the district court, it will suffer severe hardship by being compelled to incur attorneys fees and costs.

In opposing the SEC's Motion, the Debtor relies on several cases, including *In re Bicoastal Corp.*, 118 B.R. 855 (Bankr. M.D.Fla.1990), where this Court denied the Government's Motion for Relief from Automatic Stay to continue with its suit filed under the False Claims Act against Bicoastal Corporation, the debtor. In this Order, this Court denied the Motion because lifting the stay would unduly delay the Debtor's reorganization efforts. Further, this Court noted that the purpose of the False Claims Act is to provide restitution for the Government, not to punish the wrongdoer or to prevent repetition of fraudulent behavior, and therefore did not fall within the scope of § 362(b)(4).

In contrast, the SEC's action against the Debtor is not to pursue restitution for the Government, but is instead to prevent those such as the Debtor from repeatedly violating the securities laws. This type of action is within the scope of § 362(b)(4).

The legislative history of § 362 states: "Where a governmental unit is suing a debtor to prevent or stop violation of fraud, ... or similar police or regulatory laws, or attempting to fix damages for violation of such law, the action or proceedings is not stayed under the automatic stay."

S.Rep. No. 95–989 at 52, reprinted in 1978 U.S.Code Cong. and Admin.News at 5787, 5838.

As stated by the Ninth Circuit Court of Appeals, the policy behind § 362(b)(4) is "to prevent the bankruptcy court from becoming a haven for wrongdoers." *Citing SEC v. Elmas Trading Corporation*, 620 F.Supp. 231, 240 (D.Nev.1985), *aff'd*, 805 F.2d 1039 (9th Cir.1986) (quoting *Commodities Futures Trading Commission v. Co Petro Marketing*, 700 F.2d 1279, 1283 (9th Cir.1983). In sum, this Court is satisfied that in this instance, disgorgement is a remedy sought by the SEC in furtherance of its police powers under the Securities Laws. As stated by the Second Circuit Court of Appeals:

"The effective enforcement of the securities laws requires that the SEC be able to make violations unprofitable. The deterrent effect of an SEC enforcement action would be greatly undermined if securities laws violators were not required to disgorge illicit profits." *Securities & Exchange Commission v. Manor Nursing Centers, Inc.*, 458 F.2d 1082, 1104 (2nd Cir.1972).

While there is no question that the automatic stay provisions prevent the SEC from attempting to enforce any disgorgement award, this Court is satisfied that the mere fixing of the award is well within the provisions of 11 U.S.C. § 362(b)(4).

As a final note, this Court must reject the Debtor's argument that permitting the SEC to seek a disgorgement order would result in severe hardship. As noted previously, the parties have completed their briefs regarding the disgorgement issue, and are simply waiting for the district court to rule on the issue. Therefore, it appears that the Debtor will incur minimal inconvenience or expense. In accordance with the foregoing, it is

ORDERED, ADJUDGED AND DECREED that the Motion For Summary Judgment is hereby granted, and a sepa-

874

rate Final Judgment will be entered in accordance with the foregoing.

DONE AND ORDERED.