**In re Terri L. STEFFEN, Debtor.**

**No. 01–09988–8P1.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

June 17, 2003.

Harley E. Riedel, II, Stichter, Riedel, Blain & Prosser, Tampa, FL, for debtor.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND MEMORANDUM OPINION

ALEXANDER L. PASKAY, Chief Judge.

This is a yet to be confirmed Chapter 11 case of Terri L. Steffen (Debtor). On January 6, 2003, this Court held a final evidentiary hearing on the Debtor's Objection to the proof of claim, Claim No. 6, of the United States of America (Government). At the final evidentiary hearing, the parties agreed to bifurcate the issues and initially tried the two main issues. This Court then set for final evidentiary hearing the balance of the issues, which are currently under consideration.

The record reveals that on April 18, 2003, this Court entered its Findings of Facts, Conclusions of Law and Memorandum Opinion (Memorandum Opinion) regarding the issues tried on January 6, 2003. This Court specifically incorporates by reference the facts as set forth in the Memorandum Opinion. However, a brief recap of the relevant facts, which should be helpful, are as follows.

The Government's proof of claim is in the total amount of $5,856,721.11. (Claim No. 6) It is based on adjustments following an examination of the Debtor's joint tax returns, together with her spouse, Paul A. Bilzerian (Bilzerian), for the years 1985, 1986, 1991, 1992, and 1993. The Debtor filed an Objection to the Government's claim (Doc. No. 40). The Debtor thereafter raised additional specific objections, which this Court deemed as an amended Objection (Doc. No. 54). In total, there were eleven specific objections raised by the Debtor.

At the trial conducted on March 27, 2003, the following five remaining issues were tried:

1. Whether the Debtor can substantiate a 1991 theft loss deduction;

2. Whether the Debtor can substantiate a $50,000 basis in Microwave, Inc. in the year 1993;

3. Whether the Debtor can substantiate a 1993 bad debt deduction;

4. Whether the Debtor can substantiate a 1993 home office deduction; and

5. Whether the Debtor received an erroneous refund in 1991.

At the trial, this Court heard testimony of witnesses considered the documents offered and introduced into evidence, and now makes the following findings of fact and conclusions of law. In light of the extensive history surrounding the Debtor and Bilzerian (together Taxpayers), as referenced above, this Court incorporates the background of facts as set forth in the Memorandum Opinion.

### Issue 1: Whether the Debtor can substantiate a 1991 theft loss

■ It is the Debtor's contention that she should be able to claim a short-term capital loss of approximately $114,737 in connection with a theft loss that arose as a result of transactions with Michelle Skeen d/b/a Michelle Skeen Interiors (Skeen). In opposition, it is the Government's contention that the loss was actually sustained by Bicoastal Construction Company, a C corporation (Bicoastal Construction), who was the actual entity that contracted with Skeen, thus the Debtor is not entitled to claim the loss.

This Court is satisfied that the deduction was properly disallowed for the following reasons. First, the loss was not a personal loss. The contract for the rendering of interior services was between Bicoastal Construction and Skeen. All invoices were directed to Skeen by Bicoastal Construction, and the vast majority of payments to Skeen were made by Bicoastal Construction. (Db.'s Ex. 61). While the funds used to make these payments, no doubt came from the Debtor and/or Bilzerian, this is of no consequence. This is so because the Debtor created the construction company allegedly for a legitimate business purpose, and she cannot now disregard the integrity and the separate legal existence of this Schedule C corporation to suit her own purposes. *Evans v. Commissioner,* 557 F.2d 1095 (5th Cir.1977).

When Skeen filed for her chapter 7 case, the underlying conduct alleged by the Debtor was a claim that Skeen obtained money by fraud, therefore the debt owed by Skeen was claimed to be non-dischargeable pursuant to Section 523(a)(2)(A) of the Code. In this connection, it should be noted that the non-dischargeability claim was not based on Section 523(a)(4) of the Code, which excepts from the discharge, *inter alia,* liabilities based on embezzlement or larceny. The fact that the subsequent state court money judgment against Skeen was ostensible based on the civil theft statute of this State is without significance because the fact remains that there is nothing in this record, which established any finding by the state court that Skeen actual stole monies from the Debtor.

Lastly, the money judgment obtained in the state court is non-dischargeable, thus the Debtor is free to pursue all remedies available to judgment creditor under the applicable state law. Since under Section 165 of the Internal Revenue Code (IRC) before a deduction is allowed, the taxpayer must establish that the loss will not be reimbursed or there is no reasonable prospect of recovery, the Debtor did not demonstrate that this is unattainable and therefore, failed to establish with a preponderance of the evidence her burden. *Webb v. Commissioner,* 394 F.2d 366 (5th Cir.1968); Tres. Reg. Sec. 1.165–1; *Jeppsen v. Commissioner,* 128 F.3d 1410 (10th Cir.1997). Thus, this Court is satisfied that the disallowance of deduction is justified.

### Issue 2: Whether the Debtor can substantiate a $50,000 basis in Microwave, Inc. in the year 1993

■ It is the Debtor's contention that she should be able to claim a basis in Microwave, Inc. (Microwave) in the

amount of $50,000, based upon her investment in Microwave of $50,000. In opposition, it is the Government's contention that there was no evidence to substantiate any basis, or that the Debtor made any capital contribution in Microwave.

This Court is satisfied that the basis shall be allowed in the amount of $50,000 for the following reasons. The Debtor testified that she initially invested $100,000 in Microwave on or about November 2, 1990. She further testified that half of it was returned to her. She produced her check register and bank statement. (Db.'s Exs. 71 & 72). The Debtor also produced a contract that referenced her $50,000 investment (Db.'s Ex. 70). The Government argues that there were no stock certificates, books and records of Microwave offered at trial, and therefore, the Debtor failed to substantiate a capital contribution.

This Court is satisfied that while the evidence adduced at trial is not the strongest evidence to demonstrate a capital contribution, there is nothing in the record that directly contravenes the Debtor's testimony, and therefore, based upon the same, there is sufficient evidence for the $50,000 basis. The Debtor has proven, by a preponderance of the evidence, that she is entitled, pursuant to 26 U.S.C. §§ 1011 and 1012, to deduct her basis, in the amount of $50,000, from the gain on the sale of Microwave on her 1993 tax return.

### Issue 3: Whether the Debtor can substantiate a 1993 bad debt deduction

It is the Debtor's contention that she is entitled to a deduction in the amount of $124,612 for a bad debt resulting from monies loaned by the Debtor to Bicoastal Corporation (Bicoastal). In opposition, the Government contends that in order to claim the loss, individual taxpayers must show that they are engaged in the trade or business for which they seek the deduction. According to the Government, there was no evidence submitted to demonstrate that the Debtor was engaged in the business of loaning money.

This Court is satisfied that the Debtor is not entitled to claim the bad debt deduction for the following reasons. IRC § 166(a) allows a deduction for any debt, which becomes worthless in any taxable year. The taxpayer bears the burden of proving that a bona fide debt exists and that it became worthless in the year of the claimed loss. *Crown v. Commissioner*, 77 T.C. 582, 598, 1981 WL 11296 (1981). If the taxpayer is an individual, no loss is allowed for a non-business debt, which is defined as a debt created or acquired in connection with a trade or business of the taxpayer. IRC § 166(d).

At trial, the Debtor failed to produce any written evidence of a bona fide debt: no promissory note, debt instrument, or security agreement. Moreover, there was no testimony regarding payment terms, rate of interest, dates of the loans, default terms, or other indications of a loan. The proof of claim filed in the bankruptcy case of Bicoastal (Db.'s Ex. 73), was admitted for the limited purpose of showing that Bilzerian filed a claim. This Court is satisfied that the Debtor failed to establish with a preponderance of the evidence her burden. Accordingly, the Debtor is not entitled to claim a bad debt deduction.

### Issue 4: Whether the Debtor can substantiate a 1993 home office deduction

It is the Debtor's contention that she is entitled to a Schedule C loss of $9,400 for various expenses, including the use of her "home office." The Debtor

asserts that she used a portion of her home as her office as Chairman of Singer Furniture Company (Singer), and is therefore entitled to claim the loss. In opposition, the Government asserts that the Debtor failed to provide evidence that the portion of the residence was used "regularly" for the purported business to justify a home office expense deduction pursuant to IRC § 280A(c)(1)(A).

This Court is satisfied that the Debtor is entitled to a Schedule C loss of $9,400 for various expenses, including the use of her "home office" for the following reasons. The Debtor testified and introduced into evidence documentation regarding her usage of her home office for business purposes. (Db.'s Exs. 64, 65, and 67). This included the percentage of her home office to her entire house based upon the square footage of the house, which was 6.74% of the total square footage of the house. The Debtor and Bilzerian also testified regarding the nature of the business at the home office, who worked at the home office, and the office configuration.

In opposition, the Government argues that the Debtor did not satisfy her burden that the home office was related to the Debtor's employment at Singer, inasmuch as Singer's principal place of business is in North Carolina where the Debtor was provided with an office Be as it may, this Court is satisfied that while the evidence adduced at trial is not the strongest evidence, there is nothing in the record that directly contravenes the Debtor's testimony, and therefore, based upon the same, the Debtor has sustained her burden, and the Schedule C loss is appropriate.

### Issue 5: Whether the Debtor received an erroneous refund in 1991

The final issue is whether or not the Government sustained its burden of proving that the Debtor received an erroneous refund in the year 1991. This Court is satisfied that the Debtor in fact did receive an erroneous refund in the year 1991 for the following reasons.

■ In order to prevail in an action to recover an erroneous refund brought pursuant to IRC § 7405(b), the Government must establish: (1) that a refund was paid to the taxpayer; (2) the amount of the refund; and (3) that the taxpayer was not entitled to the refund which the Government seeks to recover. *United States v. Commercial National Bank,* 874 F.2d 1165 (7th Cir.1989); *United States v. Daum,* 968 F.Supp. 1037 (W.D.Pa.1997).

■ At trial, Carolyn Wilkinson of the IRS testified that the Debtor received two refunds for the tax year 1995 made in the tax year 1991, as a result of the Government's failure to properly record the first refund in the computer. (IRS Ex. 59). The Debtor also testified that she in fact received two refunds. Accordingly, this Court is satisfied that the Debtor received an erroneous refund in the year 1991.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Debtor's Objection to the proof of claim of the Government regarding the Government's disallowance of deductions by the Debtor for the theft loss of Skeen, bad debt of Bicoastal, and the double refund be, and the same is hereby, overruled. It is further

ORDERED, ADJUDGED AND DECREED that the Debtor's Objection to the proof of claim of the Government regarding the Government's disallowance of deductions by the Debtor for the Microwave basis and home office deduction be, and the same is hereby, sustained. It is further

ORDERED, ADJUDGED AND DECREED that based upon the foregoing,

the parties shall submit to the Government the calculation of the Debtor's tax liability for all affected years in accordance with this Order.