[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-12803

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 22, 2010
JOHN LEY
CLERK

D. C. Docket Nos. 08-02337-T-24,
8:01-BK-09988-A

IN RE:

TERRI L. STEFFEN,

Debtor.

_____

TERRI L. STEFFEN,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 22, 2010)

Before DUBINA, Chief Judge, MARTIN and COX, Circuit Judges.

PER CURIAM:

Appellant/Debtor Terri L. Steffen appeals the district court's order regarding Steffen's tax liability in an underlying bankruptcy case. The district court affirmed the portion of the bankruptcy court's ruling concerning when certain stock became worthless, and reversed the bankruptcy court's ruling allowing Steffen to claim certain theft and bad debt losses.

The issues presented on appeal are:

(1) Whether, under rules governing the time that stock becomes worthless for tax deduction purposes, the bankruptcy court clearly erred in finding that the evidence that Bicoastal stock became worthless in 1993, including its use as security after 1989 and Bicoastal's claim for royalties resolved in 1993, outweighed the evidence that the stock became worthless in 1989, when Bicoastal declared bankruptcy and its liabilities exceeded its assets?

(2) Whether, under the calculation of adjusted basis in stock, the bankruptcy court clearly erred in finding that the debtor failed to prove by a preponderance of the evidence that the initial basis in the Bicoastal stock was $30 million and adjusted basis was $23.3 million, instead of an initial basis of $23.3

million as she claimed on her tax return, and a $4.8 million adjusted basis, respectively, because the documentary and testimonial evidence was insufficient?

(3) Whether, in addressing Steffen's theft loss deduction, the district court was correct in holding that the bankruptcy court clearly erred in crediting factual findings made in another bankruptcy proceeding to which the government was not a party?

(4) Whether, in addressing Steffen's bad debt loss deduction, the district court was correct in holding (a) that the bankruptcy court clearly erred in crediting factual findings made in another bankruptcy proceeding to which the government was not a party and (b) that loans set off against debts cannot be considered worthless?

As the second tier of review of the bankruptcy court order, this court reviews the legal conclusions made by the bankruptcy and district courts *de novo*, in turn reviewing the bankruptcy court's factual findings for clear error. *See In re Optical Techs., Inc.*, 425 F.3d 1294, 1299–1300 (11th Cir. 2005).

After reviewing the record, reading the parties' briefs, and having the benefit of oral argument, we affirm the district court's order affirming in part and reversing in part the bankruptcy's court's order. We conclude that the bankruptcy court did not clearly err in finding that the Bicoastal stock did not become

3

worthless until 1993, when the value of all of Bicoastal's assets was finally known. Moreover, Steffen has failed to show any significant factual errors made by the bankruptcy court in calculating her adjusted basis in the Bicoastal stock. We also affirm that part of the district court's order reversing the bankruptcy court's determination on the theft and bad debt loss deductions because the bankruptcy court erred in applying factual findings from proceedings to which the government was not a party.

For the above-stated reasons, we affirm the district court's order affirming in part and reversing in part the bankruptcy court's order.

**AFFIRMED.**