T.C. Memo. 2012-264

UNITED STATES TAX COURT

PAUL A. BILZERIAN AND TERRI L. STEFFEN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3648-98.                      Filed September 12, 2012.

Paul A. Bilzerian and Terri L. Steffen, pro sese.

<u>Michael J. Gabor</u>, for respondent.

MEMORANDUM OPINION

WELLS, <u>Judge</u>: This case is before the Court on respondent's motion for
summary judgment pursuant to Rule 121.[1] Respondent determined deficiencies,

---

[1]Unless otherwise indicated, section references are to the Internal Revenue
Code of 1986, as amended, and Rule references are to the Tax Court Rules of
Practice and Procedure.

[*2] an addition to tax pursuant to section 6651(a)(1), and penalties pursuant to section 6662(a) with respect to petitioners' Federal income tax as follows:

| Year | Deficiency | Addition to tax Sec. 6651(a)(1) | Penalty Sec. 6662(a) |
|---|---|---|---|
| 1991 | $205,284 | --- | $41,057 |
| 1992 | 1,493,481 | $367,660 | 298,696 |
| 1993 | 485,876 | --- | 97,175 |

After petitioners filed their petition on February 25, 1998, petitioner Terri L. Steffen filed, on May 29, 2001, a chapter 11 bankruptcy petition in the U.S. Bankruptcy Court for the Middle District of Florida, at case No. 01-9988-8G1 (Ms. Steffen's bankruptcy case). The instant case was stayed during the pendency of Ms. Steffen's bankruptcy case. Respondent submitted a proof of claim in Ms. Steffen's bankruptcy case with respect to petitioners' joint tax liabilities for 1991, 1992, and 1993 (years in issue). After the conclusion of numerous appeals, on February 5, 2010, the U.S. Bankruptcy Court for the Middle District of Florida (bankruptcy court) issued a final order allowing respondent's claim with respect to Ms. Steffen's tax liabilities for the years in issue in the amounts as follows:

| Year | Deficiency | Addition to tax Sec. 6651(a)(1) |
|---|---|---|
| 1991 | $98,498 | --- |
| 1992 | 726,098 | $181,524 |
| 1993 | 52,835 | --- |

**[\*3]** The issue we must decide is whether petitioners are barred by res judicata from relitigating those tax liabilities before this Court.[2]

Background

The facts set forth below are based upon examination of the pleadings, moving papers, responses, and attachments. Petitioners are husband and wife who resided in Florida at the time they filed their petition.

The petition in the instant case was filed on February 25, 1998. On January 2, 2001, petitioner Paul A. Bilzerian filed a chapter 7 bankruptcy petition in the bankruptcy court. On January 12, 2001, petitioners filed a notice of bankruptcy in this Court, and on January 23, 2001, we issued an order that, pursuant to 11 U.S.C.

---

[2]With her response to respondent's motion for summary judgment, Ms. Steffen also filed a motion to stay the instant proceedings until the U.S. District Court for the District of Columbia ruled on Mr. Bilzerian's motion under Fed R. Civ. P. 60(b) for relief from that court's July 19, 2001, injunction enjoining Mr. Bilzerian and those acting in concert with him from filing

> "any complaint, proceeding or motion in the United States Bankruptcy Court for the Middle District of Florida, or from otherwise commencing or causing the commencement of any proceedings in any court, other than in this Court or in appeals of [this] Court's Orders to the United States Court of Appeals for the District of Columbia, without prior application to and approval of this Court ...." * * *

SEC v. Bilzerian, 815 F. Supp. 2d 324, 326 (D.D.C. 2011) (quoting July 19, 2001, injunction), aff'd, 2012 WL 1922465 (D.C. Cir. May 11, 2012). Because the District Court for the District of Columbia has now denied Mr. Bilzerian's motion in that court, see id., we will deny Ms. Steffen's motion as moot.

**[*4]** sec. 362(a)(8) (2000), the proceedings in this Court be automatically stayed. On February 9, 2001, the bankruptcy court dismissed Mr. Bilzerian's bankruptcy petition for cause pursuant to 11 U.S.C. sec. 707(a) (2000) on the basis of its conclusion that, among other things, he lacked proper motives in filing his petition and that no significant debt of his was dischargeable in bankruptcy.[3] See In re Bilzerian, 258 B.R. 850, 858 (Bankr. M.D. Fla. 2001). On May 29, 2001, Ms. Steffen filed a chapter 11 bankruptcy petition in the same bankruptcy court. Because of the filing of Ms. Steffen's bankruptcy case, this Court did not allow the instant case to go forward until December 6, 2010, after receiving notification that the bankruptcy court had lifted the automatic stay.

General Background

A full history of petitioners' litigation in the Federal courts would require volumes and, in any case, is beyond the scope of the issue before us. However, we

---

[3]The bankruptcy petition Mr. Bilzerian filed on February 9, 2001, was actually his second bankruptcy petition. He had previously filed his first bankruptcy petition on August 6, 1991. See Bilzerian v. SEC (In re Bilzerian), 146 B.R. 871 (Bankr. M.D. Fla. 1992). In that bankruptcy case, the bankruptcy court determined that several of Mr. Bilzerian's debts were not dischargeable in bankruptcy. See SEC v. Bilzerian (In re Bilzerian), 153 F.3d 1278 (11th Cir. 1998); HSSM #7 Ltd. P'ship v. Bilzerian (In re Bilzerian), 100 F.3d 886 (11th Cir. 1996).

**[\*5]** will endeavor to provide a brief summary insofar as that background is relevant to the issue we must decide.

The saga that led petitioners to repeatedly declare bankruptcy began during 1989 when Mr. Bilzerian was convicted in the U.S. District Court for the Southern District of New York of securities fraud, making false statements to the Securities and Exchange Commission (SEC), and conspiracy to defraud the SEC and the Internal Revenue Service (IRS). United States v. Bilzerian, 926 F.2d 1285 (2d Cir. 1991) (affirming conviction). Mr. Bilzerian was sentenced to four years in prison and ordered to pay a $1.5 million fine. Id. On the basis of the same conduct that led to Mr. Bilzerian's criminal conviction, the SEC subsequently pursued a civil action against him in the U.S. District Court for the District of Columbia, and in 1993, that court ordered him to disgorge profits of $33,140,787 plus interest (disgorgement order). SEC v. Bilzerian, 814 F. Supp. 116, 124 (D.D.C. 1993). The Court of Appeals for the District of Columbia Circuit affirmed the disgorgement order. SEC v. Bilzerian, 29 F.3d 689 (D.C. Cir. 1994).

On the basis of Mr. Bilzerian's failure to make any payment towards the judgment, and, after lengthy litigation over the dischargeability of the judgment in bankruptcy, the SEC applied for, and was granted, an order holding Mr. Bilzerian in contempt of the disgorgement order. SEC v. Bilzerian, 112 F. Supp. 2d 12

**[*6]** (D.D.C. 2000). The U.S. District Court for the District of Columbia also established a receivership estate "for the purpose of identifying, marshalling, receiving and liquidating his assets" to satisfy the disgorgement order. SEC v. Bilzerian, 127 F. Supp. 2d 232, 232 (D.D.C. 2000). Mr. Bilzerian subsequently commenced litigation in numerous other courts. See SEC v. Bilzerian, 815 F. Supp. 2d 324, 325-326 (D.D.C. 2011) (summarizing Mr. Bilzerian's litigation in other courts), aff'd, 2012 WL 1922465 (D.C. Cir. May 11, 2012). One of the actions he filed was the above-mentioned bankruptcy petition that originally stayed the instant proceedings. On February 9, 2001, the bankruptcy court dismissed Mr. Bilzerian's petition and concluded that the only reason he filed it was to hinder the SEC's collection efforts. In re Bilzerian, 258 B.R. at 858.

Ms. Steffen's Bankruptcy Case

On May 29, 2001, Ms. Steffen filed a chapter 11 bankruptcy petition in the bankruptcy court. See Steffen v. United States (In re Steffen), 349 B.R. 734, 736 (M.D. Fla. 2006). On November 4, 2001, the IRS filed a proof of claim with the bankruptcy court for $5,856,992.75. Id. at 737. The proof of claim concerned petitioners' joint tax liabilities for their 1985, 1986,[4] 1991, 1992, and 1993 tax

---

[4]In Bilzerian v. Commissioner, T.C. Memo. 2001-187, and Steffen v. Commissioner, T.C. Memo. 2002-229, aff'd, 87 Fed. Appx. 714 (11th Cir. 2003),

(continued...)

[*7] years.  <u>In re Steffen</u>, 294 B.R. 388, 390 (Bankr. M.D. Fla. 2003).  On February 6, 2002, Ms. Steffen filed an objection to the IRS' proof of claim.  <u>Id.</u>

On September 27, 2002, Mr. Bilzerian filed a document in Ms. Steffen's bankruptcy case entitled "Paul A. Bilzerian's Consent To Be Bound By The Decisions Of This Court In All Contested Matters Between The Internal Revenue Service And The Debtor" (consent to be bound).  The consent to be bound stated: "Mr. Bilzerian hereby consents to be bound by the decisions of this Court in all contested matters, including all adversary proceedings, between the IRS and the Debtor.  Mr. Bilzerian waives any rights that he might have to participate in any proceedings before this Court between the IRS and the Debtor."  Mr. Bilzerian signed the consent to be bound.

On April 18 and June 17, 2003, the bankruptcy court issued opinions setting forth its determinations with respect to the IRS' proof of claim.  <u>See</u> <u>In re Steffen</u>, 297 B.R. 645 (Bankr. M.D. Fla. 2003); <u>In re Steffen</u>, 294 B.R. 388.  Mr. Bilzerian and Ms. Steffen had both testified at the evidentiary hearings, and their testimony informed the bankruptcy court's determinations.  <u>See</u> <u>In re Steffen</u>, 297 B.R. 645, 649 (Bankr. M.D. Fla. 2003); <u>In re Steffen</u>, 294 B.R. at 391. On October 6, 2003,

---

[4](...continued)
this Court sustained respondent's determination that petitioners were liable for additions to tax for negligence with respect to their 1986 tax liability.

[*8] Ms. Steffen filed a motion for reconsideration with the bankruptcy court. On October 8, 2003, Mr. Bilzerian filed with the bankruptcy court a document entitled "Paul A. Bilzerian's Motion To Participate In The Hearing On The Debtor's Motion For Reconsideration Of Findings Of Fact, Conclusions Of Law And Memorandum Opinion Dated April 18, 2003". In that document, signed by Mr. Bilzerian, he stated: "I have read * * * [Ms. Steffen's] Motion for Reconsideration and concur in its conclusion. Because I am bound by this Court's decision, I respectfully request the Court to give me the opportunity to participate in the hearing on the Motion for Reconsideration." In a footnote, he wrote: "I have agreed to be bound by this Court's decision in this matter." Upon reconsideration, the bankruptcy court affirmed its opinion entered on April 18, 2003. In re Steffen, 305 B.R. 369 (Bankr. M.D. Fla. 2004).

Ms. Steffen appealed the bankruptcy court's opinions to the U.S. District Court for the Middle District of Florida, and, on April 28, 2009, the District Court issued an order affirming the bankruptcy court on all issues that it had resolved in favor of respondent and reversing the bankruptcy court on two issues it had resolved in Ms. Steffen's favor. Steffen v. United States (In re Steffen), 429 B.R. 32 (M.D. Fla. 2009). Ms. Steffen appealed the District Court's order to the Court of Appeals for the Eleventh Circuit, and the Court of Appeals affirmed. Steffen v.

**[*9]** <u>United States (In re Steffen)</u>, 375 Fed. Appx. 968 (11th Cir. 2010).  On February 5, 2010, the bankruptcy court issued a final order allowing the IRS' proof of claim, and on November 9, 2010, the bankruptcy court issued an order granting the Government's motion to lift the automatic stay and authorizing the IRS "to conclude Terri L. Steffen and Paul A. Bilzerian's Tax Court case * * * for redetermination of their federal income taxes for 1991, 1992, and 1993 in a manner consistent with the final order of this Court allowing the IRS claim on February 5, 2010".

<u>Petitioners' Tax Court Case</u>

After this Court issued an order, on December 6, 2010, noting that the stay had been lifted and allowing the instant case to go forward, respondent sent petitioners a decision document proposing to conclude this case in a manner consistent with the bankruptcy court's final order.  Rather than sign the decision document, petitioners requested more information from respondent with respect to the nature of the issues in the instant case.  On March 10, 2011, in response to petitioners' request, respondent mailed them a letter summarizing the history of the instant case and the bankruptcy court's determination of their tax liabilities for the years in issue.  Respondent requested that petitioners promptly sign the

**[\*10]** decision document or otherwise inform him of their intentions.  Respondent received no response from petitioners.

Respondent subsequently filed the instant motion for summary judgment, and petitioners have filed responses opposing the motion for summary judgment.

<u>Discussion</u>

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials and may be granted where there is no genuine dispute as to any material fact and a decision may be rendered as a matter of law.  Rule 121(a) and (b); <u>Fla. Peach Corp. v. Commissioner</u>, 90 T.C. 678, 681 (1988).  The moving party bears the burden of proving that there is no genuine dispute as to any material fact, and factual materials and inferences drawn from them are viewed in the light most favorable to the nonmoving party.  <u>Sundstrand Corp. v. Commissioner</u>, 98 T.C. 518, 520 (1992), <u>aff'd</u>, 17 F.3d 965 (7th Cir. 1994).  However, where a motion for summary judgment has been properly made and supported, the opposing party may not rest upon mere allegations or denials in that party's pleadings but must by affidavits or otherwise set forth specific facts showing that there is a genuine dispute for trial.  Rule 121(d); <u>see also</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986); <u>King v. Commissioner</u>, 87 T.C. 1213, 1217 (1986).  We conclude that the instant case is ripe for summary judgment because the material facts are not in dispute and

**[\*11]** the only issue we must decide is whether, on the basis of those facts, petitioners are precluded from litigating their tax liabilities in this Court.

A bankruptcy court has jurisdiction to determine "the amount or legality of any tax, any fine or penalty relating to a tax, or any addition to tax, whether or not previously assessed, whether or not paid, and whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction." 11 U.S.C. sec. 505(a)(1) (2006). A bankruptcy court also has jurisdiction to resolve any objection to a claim made by a creditor. 11 U.S.C. sec. 502(b) (2006). If a bankruptcy court renders a final judgment as to a debtor's tax liability, res judicata may apply to prevent the matter from being relitigated. See Fla. Peach Corp. v. Commissioner, 90 T.C. at 681-684.

The current usage of the term "res judicata" encompasses both claim preclusion and issue preclusion. Taylor v. Sturgell, 553 U.S. 880, 892 (2008); Brown v. R.J. Reynolds Tobacco Co., 611 F.3d 1324, 1331-1332 (11th Cir. 2010). Pursuant to the doctrine of claim preclusion, a final judgment in a case bars "'successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit.'" Taylor, 553 U.S. at 892 (quoting New Hampshire v. Maine, 532 U.S. 742, 748 (2001)). In contrast, issue preclusion acts to foreclose "'successive litigation of an issue of fact or law

**[*12]** actually litigated and resolved in a valid court determination essential to the prior judgment,' even if the issue recurs in the context of a different claim." Id. (quoting New Hampshire v. Maine, 532 U.S. at 748-749).  Issue preclusion has also been called collateral estoppel.  Id. n.5; Brown, 611 F.3d at 1332.  Res judicata serves to conserve judicial resources and avoid multiple lawsuits by preventing parties from contesting matters that they have had a full and fair opportunity to litigate.  Taylor, 553 U.S. at 892; Montana v. United States, 440 U.S. 147, 153-154 (1979).  The preclusive effect of a Federal court judgment is determined by Federal common law.  Taylor, 553 U.S. at 891.

As a general rule, a "person who was not a party to a suit * * * has not had a 'full and fair opportunity to litigate' the claims and issues settled in that suit." Id. at 892.  However, the rule against nonparty preclusion is subject to six categories of exceptions.  Id. at 893.  A court may apply nonparty preclusion if: (1) the nonparty agreed to be bound by the result of litigation between other parties; (2) a substantive legal relationship existed between the nonparty and a party to the suit; (3) the nonparty was adequately represented by someone with the same interests who was a party; (4) the nonparty assumed control over the litigation in the prior suit; (5) the nonparty is acting in the current suit as a proxy for a party to the first suit to relitigate issues; or (6) a special statutory scheme,

**[\*13]** such as bankruptcy, expressly foreclosed subsequent litigation by nonlitigants.  See id. at 893-895.

Respondent contends that the first exception applies to the instant case because Mr. Bilzerian is precluded from contesting his tax liabilities in this Court on the basis of his consent to be bound by the bankruptcy court's determination of Ms. Steffen's income tax liabilities.  Mr. Bilzerian contends that the first exception does not apply because, although the consent to be bound indicates that he was willing to be bound by the bankruptcy court's decision, respondent never accepted his consent to be bound and he received no consideration in exchange for his consent to be bound.  In support of his contentions, Mr. Bilzerian cited a number of cases that establish the general proposition that a contract requires acceptance and consideration.  However, none of the cases he cited considered the issue of what would be sufficient to constitute acceptance or consideration in a case where a party agrees to be bound by the result of litigation between two other parties.

The drafters of the Second Restatement of Judgments offered the following comments with respect to the reasons why a nonparty who agrees to be bound by the determination of issues is so bound:

> A person having a claim or defense paralleling or related to other litigation may agree that the outcome of the other litigation will be determinative of the issues in his case.  The motivation for such an agreement may be to

**[*14]** realize economy and convenience, as where two or more persons have parallel claims against a third. * * *

An agreement to be bound by the result of another action may be express; it also may be implied from conduct and manifestations of intention. The agreement may concern the determination of a claim, including all potential issues therein, or may be limited to issues actually litigated. Whether there is such an agreement, and its scope, is a matter of inference from all the circumstances.

1 Restatement, Judgments 2d, sec. 40 cmt. a (1982). Although the preferred means for establishing an agreement to be bound are formal joinder or a written stipulation signed by both parties, courts have held that an agreement to be bound may be inferred even without such a stipulation or joinder. See Dahar v. Raytheon Co. (In re Navigation Tech. Corp.), 880 F.2d 1491 (1st Cir. 1989); Council Bros., Inc. v. Ray Burner Co., 473 F.2d 400 (5th Cir. 1973); Cauefield v. Fid. & Cas. Co. of New York, 378 F.2d 876 (5th Cir. 1967). The consideration for consenting to be bound by the outcome in another case is generally the possibility of realizing "economy and convenience" in the resolution of a common issue. 1 Restatement, supra, sec. 40 cmt. a.

In the instant case, Mr. Bilzerian is correct that there exists no written stipulation or joinder signed by respondent. However, the consent to be bound Mr. Bilzerian filed in the bankruptcy court in Ms. Steffen's bankruptcy case clearly manifests his intention to be bound by the decision of that court as to his

[*15] tax liabilities for the years in issue. Respondent did not object to the filing of the consent to be bound in the bankruptcy court, and, more than a year after filing that consent, Mr. Bilzerian filed another motion confirming that he had agreed to be bound by the bankruptcy court's decision in Ms. Steffen's bankruptcy case with respect to his tax liabilities. In addition to filing documents in the bankruptcy court, Mr. Bilzerian also testified extensively during hearings before the court in Ms. Steffen's bankruptcy case. From the record, it is clear that Mr. Bilzerian intended to be bound by the bankruptcy court's decision in Ms. Steffen's bankruptcy case with respect to his own Federal income tax liabilities for the years in issue. Indeed, it appears that he acted as if he would be bound by that decision up until the bankruptcy court issued its final order allowing the IRS' proof of claim. Only now, before this Court, has Mr. Bilzerian changed his position and contended that he did not consent to be bound by the decision of the bankruptcy court.

On the basis of the foregoing, we conclude that, although there was no written stipulation signed by both Mr. Bilzerian and respondent, Mr. Bilzerian nonetheless agreed in writing to be bound by the outcome of the bankruptcy case and respondent assented to his consent to be bound. Accordingly, we hold that Mr. Bilzerian is precluded from contesting his tax liabilities for the years in issue

**[\*16]** before this Court.  Additionally, on the basis of the bankruptcy court's final order in Ms. Steffen's bankruptcy case with respect to her tax liabilities for the years in issue, we conclude that Ms. Steffen is barred by res judicata from relitigating those  liabilities before this Court.  See Fla. Peach Corp. v. Commissioner, 90 T.C. at 682-684.  Consequently, we will grant respondent's motion for summary judgment.

In reaching these holdings, we have considered all the parties' arguments, and, to the extent not addressed herein, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

An appropriate order and

decision will be entered.